436 F.2d 1070
 Lonnie W. PRICE, Petitioner-Appellant,
v.
Dr. George J. BETO, Director, Texas Department of
Corrections, Respondent-Appellee.
No. 30436 Summary Calendar.*
*Rule 18, 5 Cir.; see Isbell Enterprises, Inc
v.
Citizens Casualty Co. of New York et al., 5 Cir. 1970, 431 F.2d 409.
 United States Court of Appeals, Fifth Circuit.
 Jan. 7, 1971.
 
 Lonnie W. Price, pro se.
 Crawford Martin, Atty. Gen., Nola White, First Asst. Atty. Gen., Alfred Walker, Executive Asst. Atty. Gen., Robert C. Flowers, Roland Daniel Green, III, Asst. Attys. Gen., Austin, Tex., for respondent-appellee.
 Before BELL, AINSWORTH and GODBOLD, Circuit Judges.
 PER CURIAM:
 
 
 1
 This appeal is taken from an order of the district court denying the petition of a Texas state prisoner for the writ of habeas corpus. We affirm.
 
 
 2
 Appellant, represented by court-appointed counsel, was convicted on his plea of guilty of burglary with two prior convictions used for enhancement of punishment, and was sentenced to life imprisonment on May 16, 1961.
 
 
 3
 After exhausting his available state remedies appellant filed his petition for habeas corpus in federal court, challenging not only his 1961 conviction but also those convictions used for enhancement dating from 1947 and 1952. As to all three convictions appellant contends that he was not advised of his rights as required by Miranda v. Arizona, 1966, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, and that his court-appointed counsel in each case failed to prepare an adequate defense.
 
 
 4
 First, appellant's reliance upon Miranda is misplaced since he was convicted in 1961, five years prior to Miranda which is not applied retroactively. Johnson v. New Jersey, 1966, 384 U.S. 719, 86 S.Ct. 1772, 16 L.Ed.2d 882.
 
 
 5
 In our recent decision of Zales v. Henderson, 5th Cir. 1970, 433 F.2d 20, we held that a valid plea of guilty to the habitual offender-enhancement charge is a waiver of any complaints concerning those prior convictions set out in the enhancement charge. Therefore, if appellant voluntarily and knowingly pleaded guilty to the enhancement charge in 1961, we need not consider his challenges to the earlier convictions.
 
 
 6
 We note that nowhere does appellant contend that his guilty plea was involuntary or not understandingly made. He states only that he pleaded guilty on advice of counsel, advice which he now rejects.
 
 
 7
 The state filed the affidavit of appellant's 1961 counsel which related in detail his representation of appellant. In the affidavit he states that the guilty plea was appellant's voluntary and independent decision. The district court gave appellant the opportunity to file a controverting affidavit, stating that if none was filed, counsel's affidavit would be accepted as true. Appellant failed to do so. The district court, relying upon the record, found no merit to appellant's allegations. Our review of the records reveals no clear error in the findings below. Clearly, counsel's handling of the case did not fall below the standards required for effective representation of counsel. Lamb v. Beto, 5th Cir. 1970, 423 F.2d 85.
 
 
 8
 Perceiving no clear error in the district court's findings of fact or in its application of the law, the judgment below is affirmed.
 
 
 9
 Affirmed.