**Albert Ray ROBERTS, Petitioner-Appellant,**

v.

**UNITED STATES of America, Respondent-Appellee.**

No. 72–3450.

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

Feb. 8, 1973.

---

\* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Albert Ray Roberts, pro se.

Frank D. McCown, U. S. Atty., William F. Sanderson, Jr., Asst. U. S. Atty., Ft. Worth, Tex., for respondent-appellee.

Before BELL, GODBOLD and IN-GRAHAM, Circuit Judges.

PER CURIAM:

Albert Ray Roberts appeals from an order of the district court denying his motion to vacate his federal sentence filed pursuant to 28 U.S.C. § 2255. We affirm.

Appellant, represented by counsel, was convicted on his plea of guilty of burglarizing a federally insured bank, a violation of 18 U.S.C. § 2113(a) and (b). He was sentenced to 15 years imprisonment. In his motion to vacate sentence, appellant alleged as grounds for relief the following:

1. The indictment was faulty in that it wrongfully implied that the F.D.I.C. insured the bank against robbery;

2. His guilty plea was coerced by a state officer who promised to drop state charges if appellant pled guilty to federal charges.

3. Pursuant to 28 U.S.C. § 1349, the government did not own one-half or more of the capital stock in the bank and therefore could not prosecute him. The district court denied relief without holding an evidentiary hearing.

As the court below held, it is irrelevant that the bank was not insured against burglary. The statute is applicable to any bank insured by the F.D.I.C. and does not specify that it be insured against burglary. 18 U.S.C. § 2113(f); United States v. Harper, 7th Cir. 1957, 241 F.2d 103. Nor is it requisite to the court's jurisdiction that the government own at least fifty per cent of the stock of the bank robbed. Title 28 U.S.C. § 1349, upon which appellant relies, pertains only to civil actions. Finally, appellant is bound by his guilty plea even if it was induced by the promise of a state official to drop state charges, a promise which appellant states was kept. Plea bargaining is a judicially approved procedure. Santobello v. New York, 1972, 404 U.S. 257, 92 S.Ct. 495, 30 L.Ed.2d 427; North Carolina v. Alford, 1970, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed. 2d 162; United States v. Slatko, 5th Cir. 1972, 462 F.2d 1169. A guilty plea entered with the advice of counsel is not rendered invalid if made to avoid a harsher penalty. Jenkins v. Beto, 5th Cir. 1971, 442 F.2d 655; Giles v. Beto, 5th Cir. 1971, 437 F.2d 192; Schnautz v. Beto, 5th Cir. 1969, 416 F.2d 214.

There being no error in the judgment of the district court, we affirm.

Affirmed.