**Donald H. WEAVER, Petitioner-Appellant,**

v.

**STATE OF TEXAS et al., Respondents-Appellees.**

**No. 72-2208**

**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

March 5, 1973.

Rehearing and Rehearing En Banc
Denied April 10, 1973.

---

\* Rule 18, 5 Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

Don H. Weaver, pro se.

Harry H. Walsh, Staff Counsel for Inmates, Texas Dept. of Corrections, Huntsville, Tex., for Donald H. Weaver.

James H. Randals, Inmate Counsel, Texas Dept. of Corrections, Huntsville, Tex., for petitioner-appellant.

Crawford Martin, Atty. Gen., Ben M. Harrison, Asst. Atty. Gen., Austin, Tex., for respondents-appellees.

Before BELL, DYER and CLARK, Circuit Judges.

DYER, Circuit Judge:

This is an appeal from the district court's denial of Weaver's petition for a writ of habeas corpus. He alleged that he was in jail at the time of the offense, and that his guilty plea was not voluntarily and knowingly made. The district court denied the writ. We affirm, but for reasons different than those expressed by the court below.

Because of the several contentions of the parties, and with the hope that litigation arising out of Weaver's state conviction may come to an end, it is essential to explore the facts chronologically.

On October 13, 1958, after a plea of guilty, Weaver was convicted of robbery by assault in the District Court of Zavala County, Texas, and was sentenced to twenty-five years in prison. No appeal was taken. On July 8, 1969, Weaver was released on parole. On September 2, 1969, his parole was revoked and he was held in the Bexar County jail on a charge of burglary with intent to com-

mit theft, which offense allegedly occurred on August 31, 1969. He thus began serving time once again under his 1958 conviction.

On April 20, 1970, Weaver filed a petition for habeas in the state convicting court challenging his 1958 conviction. He asserted that he could not have committed the offense since he was in jail at the time of the robbery. On June 19, 1970, the state court denied the application and on September 3, 1970, the Court of Criminal Appeals of Texas affirmed.

On July 14, 1970, Weaver was convicted on the August 31, 1969, burglary charge, and the 1958 Zavala County conviction was used for enhancement purposes. At this time Weaver did not object to nor assert that his 1958 conviction was invalid.[1] Weaver applied to the court below in October 1970 for habeas relief from his 1958 conviction, using the same allegations as he had in the state courts, i. e., that he was in jail at the time the offense was alleged to have been committed. On November 30, 1970, the district court denied relief.

Next Weaver filed a new state application for habeas on December 21, 1970, alleging that his plea of guilty was not voluntarily and knowingly made. This new application was denied on December 28, 1970. On February 1, 1971, the Court of Criminal Appeals for Texas denied Weaver's new application.

On April 12, 1971, this Court affirmed the November 30, 1970, denial of Weaver's application,[2] but did not reach Weaver's allegations concerning his guilty plea in 1958 since the state remedies had not been exhausted at the time the application had been filed. Weaver v. Texas, 5 Cir. 1971, 441 F.2d 388, 389.

On May 10, 1971, Weaver filed another petition for habeas in the court below in which he maintained, as he had five months previously in the state court, that his plea of guilty was involuntarily and unknowingly made. The petition was denied and this appeal ensued.

The State of Texas argues that Weaver has not exhausted his state remedies; that since he is being held only under his 1970 Bexar County conviction he has no standing to attack his 1958 conviction; and that since he did not attack the validity of his 1958 Zavala County conviction when it was used for enhancement purposes in his 1970 Bexar County conviction he cannot now do so. Price v. Beto, 5 Cir. 1971, 436 F.2d 1070; Zales v. Henderson, 5 Cir. 1970, 433 F.2d 20. In denying habeas the district court essentially agreed with these contentions and further found that even though the 1958 conviction might be found invalid, Weaver's petition should be denied because he would still be in custody under the 1970 conviction.

■■ Our explication of the historical facts foreclose the State's arguments. Weaver has obviously exhausted his state remedies with respect to his 1958 conviction. His standing is properly predicated upon the fact that his parole under that conviction was revoked on September 2, 1969, and he is still serving time. While his failure to attack the validity of his 1958 conviction, used in his 1970 conviction for enhancement purposes, prevents him from using that as a ground for habeas relief with respect to his 1970 conviction, *Price* and *Zales, supra,* it does not foreclose his habeas attack made directly on his 1958 conviction. Finally, the magistrate's finding, approved by the district court, that "Habeas Corpus is available only when a ruling in petitioner's favor will result in his immediate release or will cause the restraints on his liberty to cease," is, in

---

1. After exhausting his state remedies, Weaver sought habeas in the district court claiming that his 1970 conviction should be set aside because the state court should have suppressed evidence connecting him with the robbery for which he was being tried. The district court denied relief and in a companion appeal we affirmed. Weaver v. Texas, 5 Cir. 1973, 472 F.2d 1407.

2. Weaver v. Texas, 5 Cir. 1971, 441 F.2d 388.

the context of this case, erroneous. Weaver is still serving his sentence under the 1958 conviction. If that conviction should now be found invalid the State would have no legal basis for continuing Weaver's incarceration under the 1958 conviction, but could keep him in prison under the 1970 conviction. This detention, contingent upon the invalidation of the 1958 conviction, does not bar Weaver from petitioning for a writ of habeas corpus to attack either conviction. Peyton v. Rowe, 1968, 391 U.S. 54, 88 S.Ct. 1549, 20 L.Ed.2d 426; Walker v. Wainwright, 1968, 390 U.S. 335, 88 S.Ct. 962, 19 L.Ed.2d 1215.

■ On the other hand, Weaver's contention, again made on this appeal, that he was in jail at the time of the offense, need not be considered a second time. Weaver v. Texas, 5 Cir. 1971, 441 F.2d 388. Thus the only issue that was properly before the district court and that is before us on appeal is the validity *vel non* of Weaver's guilty plea used as a predicate for his 1958 state conviction and sentence.

The underlying facts presented by Weaver to support his assertion that his plea was not voluntarily and understandingly made are as follows.

■ While Weaver was in custody the alleged victim made a false and illegal identification. The victim, however, positively identified Weaver as the robber although Weaver denies ever having seen the victim. Whether under the circumstances in which the identification was made such evidence would have been admissible at trial is of no moment. *See* McMann v. Richardson, 1970, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763.

■ We are likewise unimpressed with the argument that Weaver's plea was coerced because upon advice of his retained counsel he "reluctantly agreed, through fear of receiving a life sentence, to plead guilty for the twenty-five years offered by the * * * District Attorney of Zavala County, Texas." North Carolina v. Alford, 1970, 400 U.S. 25, 91 S.Ct. 160, 27 L.Ed.2d 162; Parker v. North Carolina, 1970, 397 U.S. 790, 90 S.Ct. 1458, 25 L.Ed.2d 785; Brady v. United States, 1970, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747; Roberts v. United States, 5 Cir. 1973, 472 F.2d 1195; Schnautz v. Beto, 5 Cir. 1969, 416 F.2d 214; Parrish v. Beto, 5 Cir. 1969, 414 F.2d 770, cert. denied, 1970, 396 U.S. 1026, 90 S.Ct. 606, 24 L.Ed.2d 522; Rogers v. Wainwright, 5 Cir. 1968, 394 F.2d 492.

■ Weaver's claim that the District Attorney misinformed him concerning the date and time of the robbery is without merit. This was substantially dealt with in Weaver v. Texas, 5 Cir. 1971, 441 F.2d 388. On collateral attack by habeas it does not rise to a constitutional level.

■ Finally, Weaver's argument that his counsel had inadequate time to prepare his defense is unsupportable. Weaver was first indicted for robbery with firearms, a felony capital offense. Seven days before trial he was reindicted for robbery by assault, enhanced by a prior conviction for burglary with intent to commit theft, which, upon conviction, carried an automatic life sentence. Counsel had from April 25, 1958, to October 13, 1958, to prepare for trial on the merits. The second indictment did not change the essential elements of the offense; it simply charged a prior conviction for enhancement purposes if Weaver were found guilty. Under the circumstances a denial of a motion for a continuance poses no constitutional question.

The judgment of the district court is Affirmed.