**UNITED STATES of America ex rel. John FORD, Petitioner-Appellant,**

v.

**C. Murray HENDERSON, Warden, Louisiana State Penitentiary, Respondent-Appellee.**

No. 72-3505

Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

April 18, 1973.

---

* Rule 18, 5 Cir., Isbell Enterprises, Inc. v. Citizens Casualty Company of New York et al., 5 Cir., 1970, 431 F.2d 409, Part I.

**940**

John Ford, pro se.

William J. Guste, Jr., Atty. Gen., Baton Rouge, La., for respondent-appellee.

Before BELL, GODBOLD and INGRAHAM, Circuit Judges.

PER CURIAM:

John Ford, a prisoner of the State of Louisiana, has appealed from the district court's denial of his petition for habeas corpus relief. We affirm the ruling below.

Appellant Ford is confined by authority of a 21-year sentence for manslaughter which was imposed on November 27, 1967 by the Criminal District Court of Orleans Parish, Louisiana. The judgment resulted from Ford's plea of guilty. There was no direct appeal; but state post-conviction remedies have been exhausted in compliance with the requirements of 28 U.S.C. § 2254(b).

The state trial court held an evidentiary hearing on the merits of Ford's habeas corpus petition, following which it denied relief. Ford's application to the Louisiana Supreme Court for habeas relief also was denied. State ex rel. Ford v. Henderson, La.1972, 256 So.2d 440.

In his habeas petition filed in the United States District Court, Ford alleged that (1) his plea of guilty was not knowingly and understandingly made; and (2) he was denied the assistance of counsel. The district court denied relief on the basis of the state record, as is authorized by pertinent provisions of 28 U.S.C. § 2254.

The transcript of the evidentiary hearing held in the state trial court shows that Ford did not testify as to any constitutional rights of which he was ignorant when he pled guilty. He testified that his former court-appointed counsel had negotiated a plea of manslaughter for him, whereupon the pending charges of murder and attempted armed robbery would be dismissed. Ford testified that he refused to accept the arrangement at that time because he would have had to accept a 21-year sentence, whereas he was unwilling to accept a sentence of more than 15 years.

The trial court allowed that attorney to withdraw, and appointed as Ford's new counsel, the attorney who had been retained to represent Ford's co-defendant. The appellant testified that when he pled guilty he was not represented by any counsel, but the transcript shows that the attorney represented both defendants in these pre-*Boykin*[1] proceedings. Appellant stated that then he decided to go ahead and plead guilty (knowing that he would receive 21 years), although he knew he still had the right to a trial after his co-defendant pleaded guilty. Ford conceded that his plea was entirely voluntary.

The attorney who represented Appellant Ford and his co-defendant testified that he discussed the plea bargain with Ford; and that he had thoroughly investigated the cases which were pending against the two men.

Under these and other circumstances shown by the record, we have no doubt that Ford's plea was knowingly and understandingly made, and that he was accorded the effective assistance of counsel. See Busby v. Holman, 5th Cir. 1966, 356 F.2d 75; Cooper v. Holman, 5th Cir. 1966, 356 F.2d 82, cert. denied 385 U.S. 855, 87 S.Ct. 103, 17 L.Ed.2d 83; Parrish v. Beto, 5th Cir. 1969, 414 F.2d 770;

---

1. Boykin v. Alabama, 1969, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274.

Roberts v. United States, 5th Cir. 1973, 472 F.2d 1195 (1973); Weaver v. State, 5th Cir. 1973, 474 F.2d 1135 (1973). The district court's order denying habeas corpus relief to Appellant Ford is hereby affirmed.

Affirmed.