James Edward CLAYTON,
Petitioner-Appellant,

v.

W. J. ESTELLE, Jr., Director Texas
Department of Corrections,
Respondent-Appellee.

No. 76–1271
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Oct. 29, 1976.

Brian E. Berwick, Austin, Tex. (Court-appointed), for petitioner-appellant.

James Edward Clayton, pro se.

John L. Hill, Atty. Gen., David M. Kendall, Jr., 1st Asst. Atty. Gen., Joe B. Dibrell, Jr., Dunklin Sullivan, Asst. Attys. Gen., Enforcement Div., Austin, Tex., for respondent-appellee.

---

* Rule 18, 5 Cir.; *see Isbell Enterprises, Inc. v.*
1970, 431 F.2d 409, Part I.

Before GODBOLD, GEE and HILL, Circuit Judges.

PER CURIAM:

In his petition in the district court, petitioner attacked pleas of guilty entered in three robbery-by-assault cases, alleging that the pleas were involuntary and resulted from coercion and plea-bargain promises. With regard to guilty pleas entered in two cases on March 22, 1972, he claimed that he was threatened with an immediate trial if he did not plead guilty and that he was subjected to a three-hour brow-beating session two days before the plea and to three more hours on the day of the plea. He further alleged that certain promises were made to him by various officials in exchange for his agreement to plead guilty. These alleged promises were that he would receive credit for jail time from April 23, 1970; that he would receive good-time credit from April 23, 1970; that if another robbery conviction then on appeal was reversed, the state upon retrial would not seek a penalty greater than 20 years; that the plea-taking Judge would aid his appeal; that certain property would be returned to him; and that the prosecutor would make no communications to the Texas Board of Pardons and Paroles which might hinder his effort to gain parole.

Petitioner's original conviction on the robbery charge on appeal, for which he had been given a sixty (60) year sentence, was indeed reversed by the Texas Court of Criminal Appeals. However, on March 8, 1974, petitioner pled guilty to this charge and was sentenced to a term of from five to twenty years to run concurrent with the sentences previously imposed. The newly-imposed sentence was back-dated to start on April 25, 1970. Petitioner contends that improper, coercive pressure was brought to bear on him in order to force him to plead guilty to this third charge. In addition, petitioner contends that the state failed to live up to its promises originally made in connection with the two guilty pleas entered in 1972.

The district court adopted its magistrate's report and, without a hearing, held that the evidence in the record showed that the pleas were not coerced in any way. The district court then ordered the state to give petitioner credit for actual time served from the beginning of his incarceration on April 23, 1970, in accordance with the plea agreement, but held that he was not entitled to statutory good-time under the doctrine of *Pruett v. Texas,* 470 F.2d 1182 (5th Cir.) (en banc), *affirmed,* 414 U.S. 802, 94 S.Ct. 118, 38 L.Ed.2d 39 (1973). With respect to petitioner's claim that he was promised the return of certain confiscated property, the district court denied habeas relief without prejudice to his right to pursue a separate action seeking return of any property wrongfully withheld.

Petitioner complains of the district court's failure to grant him an evidentiary hearing to investigate his charges that the guilty pleas were involuntary and the plea agreements not honored. We affirm the judgment of the district court and modify only insofar as the claim of statutory good-time is concerned.

Petitioner is presently serving concurrent terms of twenty years in three robbery cases. He pled guilty in two cases on March 22, 1972, at a time when the third case was still on appeal following his conviction by a jury. When this last conviction (for which he had received a sentence of sixty (60) years) was reversed on appeal because of improper prosecutorial argument, *Clayton v. State,* 502 S.W.2d 755 (Tex.Cr.App.1973), he entered a guilty plea in this case also on March 8, 1974, and received a sentence of twenty years to run concurrently with the other two sentences. He took an appeal from the first two cases in which he pled guilty, but both convictions were affirmed on April 25, 1973. *Clayton v. State,* 493 S.W.2d 176 (Tex.Cr.App.1973).[1]

---

1. Apparently petitioner has not appealed his conviction following his guilty plea on March 8, 1974.

■ In *Pruett, supra,* this court held that good-time credits accrue from the period of incarceration in the case of all felony convictions which become final by affirmance of the Texas Court of Criminal Appeals after the date of the *Pruett* decision, to wit: January 4, 1973. Since petitioner's convictions were affirmed by the Texas appellate court on April 25, 1973, *Pruett* clearly applies. Accordingly, petitioner is entitled to statutory good-time from the date of his incarceration. The respondent has submitted a letter from the Director of the Texas Bureau of Classification and Records, written after the record was compiled, to the effect that petitioner has been allowed good-time credit on his sentence from the date of April 23, 1970. We modify the relief granted by the district court only to order the respondent to insure that petitioner is granted actual credit and statutory good-time credit on his sentence beginning April 23, 1970.

This modification effects substantial fulfillment of the alleged plea bargain, and we reject petitioner's claims to the contrary.

■ We also reject petitioner's contention that the district court was required to conduct an evidentiary hearing into the voluntariness of all of petitioner's state court guilty pleas. The transcript of the plea hearing held on March 22, 1972, is clearly sufficient on its face to demonstrate that petitioner's decision to plead guilty was voluntary. He was specifically asked on two occasions if anyone had threatened or coerced him into making his plea and each time he responded unequivocally in the negative. The petitioner's mere self-serving allegations of coercion unsupported by any other specific credible evidence are insufficient under the circumstances to require an evidentiary hearing. *See Fontaine v. United States,* 411 U.S. 213, 93 S.Ct. 1461, 36 L.Ed.2d 169 (1973); *Bryan v. United States,* 492 F.2d 775 (5th Cir.) (en banc), *cert. denied,* 419 U.S. 1079, 95 S.Ct. 668, 42 L.Ed.2d 674 (1974); *Johnson v. Massey,* 516 F.2d 1001 (5th Cir. 1975); *United States v. Barrett,* 514 F.2d 1241 (5th Cir. 1975); *Rosado v. United States,* 510 F.2d 1098 (5th Cir. 1975); *Frank v. United States,* 501 F.2d 173 (5th Cir. 1974).

■ The transcript of the hearing held on March 8, 1974, does contain some ambiguity. When first questioned by the court, petitioner clearly indicates that he is not pleading guilty out of fear or hope of pardon or because of promises. The court accepted the plea and petitioner took the stand to be questioned by his own attorney. His attorney then sought to bring out the fact that certain plea negotiations had preceded petitioner's decision to plead guilty. Petitioner readily admitted his guilt insofar as actual commission of the crime was concerned. However, petitioner also made it clear that the existence of the plea negotiations was a factor in his decision to enter a plea of guilty. That is, petitioner admitted that he, in fact, committed the crime with which he was charged. Yet, his decision to plead guilty, rather than put the state to its proof, was induced by the prior plea negotiations between the parties. The fact that these negotiations were an inducement for the petitioner's decision to enter a plea of guilty does not, however, render the plea involuntary. *See Brady v. United States,* 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). As we noted earlier, the plea negotiations have in all material respects been fulfilled.

We, therefore, find no error and as modified herein

AFFIRM.