**James Henry GRANTLING, Petitioner–Appellant,**

v.

**Charles R. BALKCOM, Warden, Georgia State Prison, Respondent–Appellee.**

No. 79–3906.

United States Court of Appeals, Fifth Circuit. Unit B

Dec. 17, 1980.

---

Al Horn, The Law Project, Atlanta, Ga. (Court–appointed), for petitioner–appellant.

John W. Dunsmore, Jr., John C. Walden, Senior Asst. Attys. Gen., Atlanta, Ga., for respondent–appellee.

Before GEWIN, RONEY and FRANK M. JOHNSON, Jr., Circuit Judges.

GEWIN, Circuit Judge:

Appellant Grantling appeals from the judgment of the United States District Court for the Northern District of Georgia, Gainesville Division, which denied his petition for habeas corpus relief pursuant to 28 U.S.C. § 2254. The appellant urges the following errors on appeal: (1) his guilty plea was involuntary; (2) he was denied the effective assistance of counsel; (3) he was denied a committal hearing and a preliminary hearing; (4) he was brought before the potential jurors in handcuffs and prison garb thereby prejudicing his opportunity to establish his innocence; and (5) he was not permitted to challenge the array of the grand jury that indicted him. Finding the first two claims dispositive, we affirm the district court in all respects.

At his arraignment on October 8, 1973, Grantling pled not guilty to charges of escape, armed robbery, and burglary in a Georgia state court. Counsel was appointed for the appellant immediately prior to this appearance. Grantling contends his attorney had inadequate time to investigate

the case and did not fully advise him of all of his rights.

Trial counsel objected at the arraignment and moved for a continuance since the appellant was brought before the court in prison garb and handcuffs. Nevertheless, the motion was denied the next day after a full hearing.

The attorney spent two days after the arraignment talking with various knowledgeable persons in an attempt to prepare a defense for Grantling. The appellant was advised of the maximum and minimum sentences for each charge along with other pertinent information. At Grantling's request, counsel was able to negotiate a guilty plea for a reduced sentence totaling twenty years (nineteen years for armed robbery; ten years on each of the two burglary counts to run concurrently with the armed robbery sentence; and one year for escape).

Grantling, wearing civilian clothes without handcuffs, pled guilty to all the charges on October 10, 1973 and received the reduced sentence. However, in June, 1974, the appellant petitioned another Georgia state court for a writ of habeas corpus.

After a September 4, 1974 evidentiary hearing, the state court denied the habeas corpus petition. Although no appeal was immediately taken, Grantling later filed other state court petitions alleging additional grounds as support. These were refused as successive under applicable state law. The Georgia Supreme Court later denied his request for a certificate of probable cause to appeal.

Upon the written recommendation of a United States Magistrate, the district court later denied the appellant's application for federal habeas corpus relief. Consequently, Grantling filed a timely notice of appeal to this court.

The Magistrate noted that incorporated into the state court habeas record was a question and answer guilty plea transcript that was not only certified by the sentencing court but was sworn to and signed by Grantling himself. It indicated that the appellant fully understood the nature of the charges and their accompanying penalties. Moreover, it signified that he had ample opportunity to confer with his attorney about those charges. The transcript reveals that Grantling admitted his guilt and that he was not unduly influenced nor made any improper promises. Finally, he noted his satisfaction with the services rendered by his attorney on his behalf.

■ The written factual determinations that were made by the state habeas corpus court after a full evidentiary hearing are entitled to a presumption of correctness upon review. *United States ex rel. Barksdale v. Blackburn*, 610 F.2d 253 (5th Cir. 1980); 28 U.S.C. § 2254(d). "The focus of federal habeas inquiry is the nature of the [attorney's] advice and the voluntariness of the plea, not the existence as such of an antecedent constitutional infirmity." *Tollett v. Henderson*, 411 U.S. 258, 266, 93 S.Ct. 1602, 1607, 36 L.Ed.2d 235, 243 (1973). "Although it has long been settled that the right to counsel [as guaranteed by the fourteenth amendment in a state criminal trial] is the right to effective counsel, ... it is essential to recognize the difference between the duty of counsel to a defendant who enters a guilty plea and the duty to one who goes to trial." *Jones v. Henderson*, 549 F.2d 995, 996 (5th Cir.), *cert. denied*, 434 U.S. 840, 98 S.Ct. 135, 54 L.Ed.2d 103 (1977).

Where a defendant pleads guilty, counsel's responsibility is to determine whether the plea is entered *voluntarily and knowingly*, ... to assist his client actually and substantially in deciding whether to plead guilty, ... to provide the accused with an understanding of the law in relation to the facts, ... and to give advice that permits the accused to make an informed and conscious choice ....

*Pollinzi v. Estelle*, 628 F.2d 417, 418 (5th Cir. 1980) (emphasis added).

"[C]ounsel's effectiveness is not to be judged by hindsight, and ... the Constitution does not guarantee errorless counsel." *Lovett v. Florida*, 627 F.2d 706, 707, (5th Cir. 1980). "Waiving trial entails the inherent risk that the good–faith evaluations of a reasonably competent attorney will turn

out to be mistaken either as to the facts or as to what a court's judgment might be on given facts." *McMann v. Richardson*, 397 U.S. 759, 770, 90 S.Ct. 1441, 1448, 25 L.Ed.2d 763, 773 (1970). As recognized by the Magistrate, the state habeas corpus record reflects that the appellant's attorney fulfilled all of the responsibilities regarding the representation of Grantling in the circumstances leading up to the guilty plea. Consequently, this conclusion is presumed to be correct upon review.

■ "A plea of guilty is more than a confession which admits that the accused did various acts; it is itself a conviction; nothing remains but to give judgment and determine punishment." *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274, 279 (1969). It is a waiver of at least three very important constitutional rights guaranteed criminal defendants. These are the right against self–incrimination, the right to confront one's accusers, and the right to trial by jury. *Id.* at 243, 89 S.Ct. at 1712, 23 L.Ed.2d at 279–80. The seriousness of guilty pleas thereby mandate that they "not only must be voluntary but must be knowing, intelligent acts done with sufficient awareness of the relevant circumstances and likely consequences." *Brady v. United States*, 397 U.S. 742, 748, 90 S.Ct. 1463, 1468, 25 L.Ed.2d 747, 756 (1970).

■ Defendant contends that he pled guilty for fear he would not receive a fair trial because prospective members of the jury had seen him at his arraignment dressed in prison garb and wearing handcuffs.

Defendant's subjective belief that he could not get a fair trial, however, is not sufficient to invalidate a guilty plea. *Matthews v. United States*, 569 F.2d 941 (5th Cir. 1978). Only when a constitutional violation has actually coerced his decision to plead guilty, can the guilty plea be invalidated.

■ A prospective juror's view of a defendant in handcuffs or in prison clothing is not necessarily a constitutional error. *Wright v. Texas*, 533 F.2d 185 (5th Cir.

1976); *United States v. Bankston*, 424 F.2d 714 (5th Cir. 1970). Any prejudice here could have been easily corrected at trial by a careful selection of jurors, instructions or other means. It cannot be presumed that defendant would not have received a fair trial, especially since counsel was present at the time of the decision to plead guilty and was not shown to be incompetent. *Chambers v. Beto*, 428 F.2d 791, 793 (5th Cir. 1970) ("a guilty plea, given on advice of competent counsel, is not rendered involuntary by an alleged coerced confession and purported illegally–seized evidence, and when made in response to a prosecutor's offer for a lighter sentence.").

■ "Often the decision to plead guilty is heavily influenced by the defendant's appraisal of the prosecution's case against him and by the apparent likelihood of securing lenience should a guilty plea be offered and accepted." *Brady v. United States*, 397 U.S. 742, 756, 90 S.Ct. 1463, 1473, 25 L.Ed.2d 747, 761 (1970). "Plea bargaining is a judicially approved procedure .... A guilty plea entered with the advice of counsel is not rendered invalid if made to avoid a harsher penalty ...." *Roberts v. United States*, 472 F.2d 1195, 1196 (5th Cir. 1973). Merely because plea "negotiations were an inducement for the petitioner's decision to enter a plea of guilty does not, however, render the plea involuntary." *Clayton v. Estelle*, 541 F.2d 486, 488 (5th Cir. 1976), *cert. denied*, 431 U.S. 918, 97 S.Ct. 2184, 53 L.Ed.2d 230 (1977). The state habeas corpus court determined that the guilty plea was knowingly and voluntarily given. Therefore, this conclusion is presumed to be correct upon review.

[A] guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred *prior to* the entry of the guilty plea.

*Tollett v. Henderson*, 411 U.S. 258, 267, 93 S.Ct. 1602, 1608, 36 L.Ed.2d 235, 243 (1973) (emphasis added).

"Normally a plea of guilty ..., if intelligently and voluntarily made, prevents a defendant from raising in a habeas corpus proceeding claims of constitutional violations relating to events that occurred prior to the entry of the plea." *Stanley v. Wainwright*, 604 F.2d 379, 380 n.1 (5th Cir. 1979). *See Franklin v. United States*, 589 F.2d 192, 194 (5th Cir.), *cert. denied*, 441 U.S. 950, 99 S.Ct. 2177, 60 L.Ed.2d 1055 (1979); *Fry v. United States*, 569 F.2d 303, 304 (5th Cir. 1978). Since Grantling's guilty plea was intelligent and voluntary, it is not necessary to examine his other alleged errors because they are constitutional violations that occurred prior to his plea.

Based upon the aforementioned reasons, we hold that the denial of the writ of habeas corpus was proper.

AFFIRMED.