525 So.2d 1222 (1988)
STATE of Louisiana
v.
Danny FABRE.
No. KA 87 1059.
Court of Appeal of Louisiana, First Circuit.
May 17, 1988.
*1223 William Alford, Asst. Dist. Atty., Livingston, for plaintiff.
Michael Thiel, Public Defender, Hammond, for defendant.
Before COVINGTON, SAVOIE and LeBLANC, JJ.
LeBLANC, Judge.
Danny Fabre was indicted by the Livingston Parish Grand Jury for first degree murder, a violation of La.R.S. 14:30. He entered a plea of guilty in return for a sentence of life imprisonment at hard labor, without benefit of probation, parole or suspension of sentence. The trial court imposed sentence in accordance with the agreement. Defendant appealed, urging three assignments of error, as follows:
1. The plea was not entered intelligently and voluntarily.
2. There was no factual basis to support the conviction.
3. The court erred by accepting an unqualified plea of guilty in a capital case.
Defendant was charged with the murder of Lynn Clark. After his arrest, he made several statements to law enforcement officers in which he admitted that he killed the victim by stabbing her in the throat and eye with a stick. Defendant also confessed that he rolled the victim's body in pine straw and leaves and set fire to it. He then escaped in the victim's car.
Defendant ultimately led Tangipahoa and Livingston Parish Sheriff's deputies to the victim's body, hidden in a remote wooded area. Although much of her body was charred, an autopsy determined that the cause of death was the destruction of the victim's brain caused by the trauma to her eye. The weapon, a twelve-inch stick, was still embedded in the victim's brain when her body was discovered.
Defendant originally entered the dual plea of not guilty and not guilty by reason of insanity and elected to be tried by a jury. The trial began on May 12, 1987. During jury selection, defendant withdrew his plea of not guilty by reason of insanity and entered a plea of not guilty. After the jury had been selected, the state began the presentation *1224 of evidence on May 13, 1987. Late in the afternoon of May 15, 1987, the state introduced a taped confession by defendant and played the tape to the jury. Thereafter, out of the presence of the jury, defendant moved to withdraw his plea of not guilty and offered to enter a plea of guilty without capital punishment. Defendant's offer was accepted by the state. The trial court then instructed defendant as to the rights he waived by entering the plea and obtained his waiver thereof. The court specifically advised defendant that it accepted the plea without reservation of any pre-plea rulings for purposes of appeal. The court then adopted the statement previously played to the jury as the factual basis for the plea and permitted defendant to plead guilty.

VOLUNTARINESS OF THE PLEA
By assignment of error number one, defendant submits that his plea was not intelligently and voluntarily entered. He advances four grounds to support this claim: (1) the trial court failed to advise him of the elements of the offense; (2) the trial court did not clearly instruct him about his appellate rights; (3) defendant's hesitation in affirming his taped confession rendered his subsequent agreement involuntary; and (4) the court accepted the plea at a time when defendant was under duress.
ELEMENTS OF THE OFFENSE
Defendant contends the record does not reflect that his plea was intelligently entered because it contains no proof that he was put on notice of the elements of the offense. He complains that the trial court failed to advise him that the state was required to prove he had the specific intent to kill or inflict great bodily harm upon the victim and to prove the existence of one of the aggravating circumstances provided in La.R.S. 14:30. Citing Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), and State ex rel. Halvorsen v. Blackburn, 388 So.2d 806 (La.1980), defendant submits that his conviction must be reversed because he did not receive real notice of the true nature of the charge against him and, accordingly, his plea did not encompass every element of the crime.
It is well settled that a plea of guilty waives all defects prior to that plea except those jurisdictional defects which appear on the face of the pleadings and proceedings. See, State v. Allen, 263 La. 123, 267 So.2d 544 (La.1972). Defendant did not file a motion to withdraw his guilty plea. His claim that the plea was involuntary because he was unaware of the elements of the offense is neither a jurisdictional defect nor an error discoverable by an inspection of the pleadings and proceedings. See, State v. Allen, supra. Nevertheless, because of the nature of this offense, we elect to review the merits of defendant's claims.
Before accepting the plea, the trial court carefully advised defendant of the rights he waived by pleading guilty, particularly his right to a trial by jury. The court informed defendant that the jurors must unanimously concur to render a verdict. The court also advised defendant that the trial could be in two phases and, if the jury rendered a verdict of guilty of first degree murder, a separate sentencing hearing would be conducted for the jurors to determine if the death penalty should be imposed, which must also be by unanimous recommendation. The court adopted defendant's confession as a part of the plea, found that the murder was committed during an armed or simple robbery, and obtained defendant's response that he killed the victim under the circumstances set forth in his statement.
Although the court did not set forth the elements of first degree murder before it accepted defendant's plea, the validity of a guilty plea does not depend upon whether or not the trial court specifically informed the accused of every element of the offense. Rather, the defendant must establish that his lack of awareness of the elements resulted in his unawareness of the essential nature of the offense to which he was pleading. See State v. Bowick, 403 So.2d 673 (La.1981). In State ex rel. Halvorsen v. Blackburn, supra, the Louisiana Supreme Court refused to set aside a guilty *1225 plea simply because of the lack of an affirmative record regarding notice of the nature of the crime and found that the due process requirement of notice may be satisfied from other sources. Therein, the Court remanded the matter for an evidentiary hearing at which the accused was to bear the burden of proving that he did not receive actual notice of the nature of the crime to which he pleaded guilty. However, the Court specifically noted that the bill of information did not provide adequate notice because it omitted an essential element of the offense. The court further noted that the elements of the offense were not clarified during the plea colloquy.
Herein, the grand jury indictment for first degree murder, defendant's numerous detailed statements confessing to the grisly murder, and defendant's admissions during the hearing on the plea indicate that he was aware of the nature of the crime in that the victim was killed with the specific intent to kill or inflict great bodily injury. See, State v. Harden, 506 So.2d 1265 (La.App. 2d Cir.), writ denied, 512 So.2d 438 (La. 1987). Moreover, the record reflects that defendant filed several pre-trial motions relating to the particular concerns of a capital charge and the possibility that the death penalty could be imposed. Defendant asked for and received extensive discovery from the state. Defendant was present during the four days the trial lasted before he approached his counsel and asked to be permitted to plead guilty and escape the possibility that the jury would sentence him to death. The trial court specifically adopted defendant's confession as a part of the proceedings and defendant reaffirmed under oath that the statements contained in the confession were true. Before the trial began, the state notified defendant of the aggravating circumstances upon which the prosecution was based; and, during the hearing at which defendant entered his plea, the court reviewed defendant's statements and stated for the record that it found the existence of one of the aggravating circumstances for first degree murder before accepting the plea. The record reflects that the determination to plead guilty was made by defendant alone, who expressed an interest in entering the plea after the jury heard his taped confession detailing the heinous crime and was undoubtedly in response to the possibility that the jurors might be more likely to impose the death penalty after hearing the details of the offense from defendant himself. We find, therefore, that defendant failed to establish that he was unaware of the essential nature of the offense to which he entered the plea. See, State v. Bowick, supra; State ex rel. Halvorsen v. Blackburn, supra.
FAILURE TO ADVISE OF APPELLATE RIGHTS
Defendant further argues that his plea was not voluntary because the court failed to clearly advise him of his appellate rights. Defendant admits that he was advised of his right to confront his accusers, his right to a jury trial, and his privilege against self-incrimination, as required by State ex rel. Jackson v. Henderson, 260 La. 90, 255 So.2d 85 (1971). He claims, however, that the court created a "confusion scenario" regarding his rights to appeal the guilty plea or any pre-plea proceedings.
As previously noted, defendant filed several pre-trial motions, some of which were denied by the trial court. Although the appellate record does not contain a transcript of the trial, the minute entries reflect that defendant was also affected by various rulings during the four days of trial. Before accepting defendant's plea, the court carefully established for the record that the plea was not subject to the appeal of any of these pre-plea rulings. See, State v. Crosby, 338 So.2d 584 (La. 1976). The court instructed defendant that his other appellate rights were not affected by the plea and, further, set forth the levels of courts within the state that would consider an appeal. In his brief, defendant extensively quoted the court's instructions to show that the instructions were in conflict. However, the record reflects that these instructions accurately set forth defendant's rights and were not at variance. The court simply advised defendant that he waived the right to appeal rulings made on various objections and exceptions by entering *1226 the plea, but that he had an absolute right to appeal jurisdictional issues or appealable matters arising after the plea was accepted. Although appellate counsel (who also represented defendant at the time he entered the plea) claims that he was unable to understand these instructions, the transcript reflects that counsel repeatedly advised the court that he understood the court's admonition that the plea was not qualified by the reservation of pre-plea rulings. Moreover, despite the confusion claimed by defense counsel, defendant has, in fact, appealed his conviction to the extent to which he was legally entitled. Therefore, we find no merit to defendant's claim that the plea was not intelligently entered because the record does not reflect any manner in which defendant could have been prejudiced even if his counsel were confused by the court's instructions.
HESITATION IN ENTERING THE PLEA
Defendant also contends that the plea was shown to be involuntary because he hesitated before he admitted to the accuracy of the statement adopted as part of the plea agreement. He complains that the trial court failed to explore the reason for the hesitation and, therefore, there was no affirmative showing that the plea was intelligent and voluntary.
The incident to which defendant refers is as follows:
BY THE COURT:
So, that statement contains the true facts of the situation as depicted by you to the Tangipahoa Parish Sheriff's Office, is that correct?
BY DEFENDANT:
Can I, can I wait a second?
BY THE COURT:
In other words, what you told the Sheriff's office is the truth about what happened?
BY DEFENDANT:
Yes, sir.
Initially, we note that defendant's hesitation occurred as the court was attempting to establish a factual basis for the plea through defendant's testimony. It is not a constitutional prerequisite that the defendant specifically admit his guilt in order for the plea to be valid. Moreover, it appears that defendant's hesitation occurred because he did not fully understand the court's question. In any event, defendant's unequivocal response to the court's questioning cured his earlier ambivalence and shows that his resulting plea was knowing and voluntary. See, State v. Harden, supra, at 1272.

RESTRAINT DURING TRIAL
Defendant also contends that the plea was coerced because, during the trial, he appeared before the jury in leg restraints. He submits that he felt compelled to enter the plea because of the prejudice and distraction to the jury created thereby.
Defendant's subjective belief that he could not get a fair trial is not sufficient to invalidate a guilty plea. Grantling v. Balkcom, 632 F.2d 1261 (5th Cir.1980). Only when a constitutional violation has actually coerced his decision to plead guilty can a plea be invalidated. Id. Restraint of an accused during trial is not necessarily constitutional error. See, State v. Wilkerson, 403 So.2d 652 (La.1981). See also, Grantling v. Balkcom, supra. Defendant has not shown that his plea was involuntary.
For the foregoing reasons, defendant's first assignment of error has no merit.

FACTUAL BASIS FOR THE PLEA
By assignment of error number two, defendant claims that the court erred by accepting defendant's plea because there was no factual basis to support a conviction for first degree murder. Essentially, defendant contends that, if the case had been submitted to a jury and a verdict of guilty returned, the verdict would have been based upon insufficient evidence because the state failed to prove the murder occurred during the course of a robbery.
Defendant's arguments are totally without merit. A guilty plea by its nature admits factual guilt and relieves the state of the necessity to prove it by a *1227 contested trial. State v. Bourgeois, 406 So.2d 550, 552 (La.1981). This court will not speculate upon the content of the evidence the state would have produced if the trial of this matter had continued. By entering the plea of guilty, defendant waived any right to contest the sufficiency of the state's proof.

UNQUALIFIED GUILTY PLEA
By assignment of error number three, defendant submits the court erred by accepting an unqualified plea of guilty in a capital case. He contends the court's action was in contravention of La.C.Cr.P. art. 557, which provides as follows:
A court shall not receive an unqualified plea of guilty in a capital case. If a defendant makes such a plea, the court shall order a plea of not guilty entered for him.
The record reflects that, after a recess in the trial, defense counsel notified the court that defendant wished to plead guilty to the charge. After the oath was administered to defendant and the factual basis for the plea established, the following discussion occurred between the court, Assistant District Attorney William Alford, and defense counsel Michael Thiel:
BY THE COURT:
Mr. Alford, on behalf of the Office of the District Attorney, it is my understanding that the District Attorney's Office will accept a plea of guilty to first degree murder in exchange for this Court sentencing the Defendant to life imprisonment; is that correct?
BY MR. ALFORD:
Without probation, parole or suspension of sentence.
BY THE COURT:
or suspension of sentence.
BY MR. ALFORD:
That is correct, Your Honor.
BY THE COURT:
Mr. Thiel, you fully understand that this Court is not accepting a qualified plea of guilty; this is an unqualified plea of guilty that your client is making to the crime of first degree murder, in exchange for the acceptance by the Office of the District Attorney, and by this Court, sentencing him to life imprisonment, without benefit of probation, parole or suspension of sentence; is that correct?
BY MR. THIEL:
Your Honor, may we approach the bench?
BY THE COURT:
Yes, sir.
After a bench conference, the discussion continued as follows:
BY THE COURT:
Let the record reflect that when this Court says that this is an unqualified plea of guilty, that any rights this Defendant may have regarding any appellate procedure, from the rulings of this particular Court in the course and scope of this trial, has nothing whatsoever to do with this plea. I am not taking into consideraiton (sic) any of the matters that were listed in State v. Crosby, that I am saying that he is qualifying this plea based upon this ruling, based upon that ruling, based upon this exception, based upon that objection.
He is pleading unqualifiedly to the crime of first degree murder in exchange for life imprisonment.
BY MR. THIEL:
That is correct, Your Honor.
Thereafter, the court conducted a hearing to determine if defendant voluntarily and intelligently wished to enter the guilty plea. After the court accepted the plea, the assistant district attorney requested another bench conference, apparently to clarify the issues which defendant would be entitled to appeal. The court then advised the parties as follows:
BY THE COURT:
... There is some jurisprudence in the case of State of Louisiana v. Crosby, which deals with a qualified plea, at a plea bargain session.
Counsel for the Defendant, for the Prosecution and this Court has (sic) read that case. That case seemingly tells me that if a person makes a qualified plea of *1228 guilty, reserving his right to appeal on certain things ...
BY MR. THIEL:
Judge, I think we had better have a conference before we go any further.
BY THE COURT:
No sir.on certain things, then, that matter can be taken up on appeal.
I am not denying Mr. Fabre any right of appeal that he may have, I am simply not making that a part of this particular plea bargain.
Mr. Thiel, you and I have discussed that Ad infinitum.

Gentlemen, the matter is closed.
Defendant submits that the court erred by accepting an unqualified plea of guilty in a capital case; and, further, he claims the court erred by refusing to accept a qualified plea of guilty to the offense. We find that defendant's claims have no merit.
Initially, we note that while defendant's claim that the court erred by accepting an "unqualified" plea of guilty in a capital case is based upon the language of La.C. Cr.P. art. 557, it is obvious from the context of the hearing at which the court permitted defendant to plead guilty that the term "unqualified" was not used in the sense prohibited by that article. Moreover, this Court obtained a per curiam from the trial court, specifically addressing this claim. In that opinion, the court clearly set forth its intention to accept a plea that was "unqualified" strictly from the standpoint of State v. Crosby, supra.
Although the trial court's description of the plea as "unqualified" was unfortunate because defendant was charged with first degree murder, the reference to a guilty plea in which the defendant does not reserve his right to appeal various non-jurisdictional rulings as "unqualified" is not without precedent. See, State v. Moore, 420 So.2d 1099 (La.1982). However, the legislative history of La.C.Cr. P. art. 557 reveals that the article was drafted to insure that an accused could not plead guilty in a manner to bring about his own death, there being a well founded legislative policy against a person accomplishing such judicial suicide. See, State v. Jett, 419 So.2d 844, 851 (La.1982). To that end, a court is prohibited from accepting a guilty plea to a charge of first degree murder unless that plea is qualified to exclude the possibility of the imposition of capital punishment. State v. Jett, supra. However, a court is not prohibited from accepting a guilty plea that is so qualified. Herein, the court specifically noted that the plea was not conditioned upon appellate review of errors reserved at the time the plea was entered; and, to that extent, the plea was "unqualified." See, State v. Moore, supra. However, the plea was qualified to exclude the possibility that the death penalty could be imposed. We find, therefore, that the court was not prohibited from accepting the plea by the provisions of La.C.Cr.P. art. 557.
We note, as well, that defendant's second claim is without merit. Defendant claims he had an absolute right to enter a qualified plea of guilty, as provided by State v. Crosby, supra. However, although the trial court's authority to accept a conditional plea is recognized in Crosby, it is further noted that the court has great and virtually unreviewable discretion to reject rather than accept a guilty plea conditioned upon reservation of appellate review of pre-plea assignments on non-jurisdictional error. See, Crosby, supra, at 590. Further, an individual accused of a capital offense cannot insist upon entering a guilty plea, thereby denying the state the opportunity to seek the death penalty in an appropriate case. See, State v. Brogdon, 426 So.2d 158 (La.1983), cert. den., 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985). Moreover, although it is not necessary for the determination of this issue, we note that defendant did not attempt to reserve pre-plea rulings, but readily agreed that the plea would not be so conditioned.
Accordingly, we find these arguments to be without merit. For these reasons, we affirm the conviction and sentence imposed by the trial court.
AFFIRMED.