CRAIN, Judge.
Defendant, Patrick Jackson, was charged by bill of information with one count of felony theft over five hundred dollars, in violation of La.R.S. 14:67. He pled guilty and, after a Boykin proceeding, was sentenced to eight years at hard labor, with credit for time served. This appeal follows.
FACTS:
The following facts are derived from the preliminary examination and the Boykin proceeding. The victim, Lex LeBlane, reported that he expected new checks from his bank in the mail which he never received. Between August 5 and September 21 of 1992, defendant forged LeBlanc’s checks, took them to Auto Zone stores (a motor vehicle part store) *812 and used them to purchase merchandise. Later, defendant would return the merchandise to another location of Auto Zone and receive the cash purchase price. Further, defendant cashed checks from Lex LeBlanc’s account at Circle K stores throughout the city. Defendant managed to steal over $500 in cash and merchandise using this method.
ASSIGNMENT OF ERROR NUMBER ONE:
In this assignment of error, defendant contends that the trial court erred by accepting his guilty plea. Specifically, defendant argues that the trial court did not advise him of the elements of the crime.
It is well settled that a plea of guilty waives all defects prior to that plea except those jurisdictional defects which appear on the face of the pleadings and proceedings. See State v. Fabre, 525 So.2d 1222, 1224 (La.App. 1st Cir.), writ denied, 532 So.2d 148 (La.1988). Defendant did not file a motion to withdraw his guilty plea. His claim that the Boykin proceeding was inadequate because the court failed to inform him of the elements of the crime is neither a jurisdictional defect nor an error discoverable by an inspection of the pleadings and proceedings. Nevertheless, we elect to review the merits of defendant’s claim.
It is true that, at the Boykin proceeding, the court, did not read to defendant the criminal statute and did not discuss thejjelements of the crime which the state must prove in order to convict. However, a preliminary examination was conducted from which testimony revealed facts constituting the ele-: ments of felony theft of over $500. Moreover, at the Boykin proceeding, the court asked the prosecutor for facts; and the prosecutor noted to the court as follows:
Prosecutor: Your honor, if this matter went to trial, the state would produce evidence that between the dates listed in the bill of information, check-out clerks of at least six separate Circle K’s here in town would testify that this defendant presented checks for varying amounts to be cashed that were drawn on the checking account of a Lex LeBlanc. The defendant received funds from the various Circle K’s from these transactions. Mr. LeBlanc, however, would testify that his checkbook had been lost — actually, he was to receive extra checks in the mail that he never got — and that he did not authorize this defendant to cash any of these checks. In addition, the state would produce testimony from at least four Auto Zone stores. This is a chain of auto part stores located in various parts of the city. That testimony would be to the effect that the clerks would testify in at least two of these stores that this defendant bought some merchandise, some auto parts from these stores, using a Lex Le-Blanc check as payment. They would identify this defendant in court, as they have done previously from photographic lineups, as being the one who presented the cheek.... In addition to this, the state would present testimony from additional auto parts clerks at other of the chain store locations that this defendant, a short time after purchasing the items, would bring these items to another of the chain stores and try to return them for money. The sum total of the merchandise and cash received was over $500 from these various transactions and Mr. Le-Blanc did not authorize this defendant to cash any of these checks.
In order to attack the adequacy of the Boykin proceeding, defendant must establish that his lack of awareness of the elements resulted in his unawareness of the essential nature of the offense to which he was pleading. State v. Fabre, 525 So.2d at 1224. Herein, we find that the prosecutor adequately defined the nature of theft.
Moreover, at the beginning of the Boykin proceeding, the court informed defendant ' that he was charged with one count of felony theft in excess of $500. Then the court informed defendant that he had certain rights: to a trial by jury, to confront his accusers Land against self-incrimination. The court told defendant that, by pleading guilty, he was giving up these rights and inquired if he understood. Defendant answered he understood. The court asked if defendant was coerced or forced into pleading guilty, and defendant answered “no.” The court inquired into defendant’s age and *813 education, and defendant responded that he was 23 years old and had a twelfth grade education. The court further inquired if there was anything that it had said that he did not understand. Defendant answered, “No, Ma’am.” The court stated that defendant had heard the facts as stated by the prosecutor and asked if defendant agreed with the facts as stated, and defendant answered “yes.”
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that a defendant be informed of the rights which he is giving up by pleading guilty, namely, the right to a jury trial, the right to confront his accusers and the right against self-inerimination. In the instant ease, we find the court adequately complied with the Boykin requirements. Therefore, for the reasons herein stated, we find this assignment of error meritless.
ASSIGNMENT OF ERROR NUMBER TWO:
In this assignment of error, defendant alleges that his sentence exceeded the range authorized by the sentencing guidelines and was imposed without justification. Defendant was sentenced on May 14, 1993; therefore, the new sentencing guidelines (effective January 1, 1992) apply.
Defendant did not object at any time during or after sentencing. Further, defendant failed to file or make a motion to reconsider sentence. Failure to file or make a motion to reconsider sentence precludes a defendant from raising an objection to the sentence on appeal. La.C.Cr.P. art. 881.1 D. See State v. Myles, 616 So.2d 754, 759 (La.App. 1st Cir.), writ denied, 629 So.2d 369 (La.1993). Therefore, we will not consider this assignment of error.
CONVICTION AND SENTENCE AFFIRMED.