646 So.2d 445 (1994)
STATE of Louisiana
v.
Stewart YOUNG.
No. KA 93 2187.
Court of Appeal of Louisiana, First Circuit.
November 10, 1994.
Doug Moreau, Wick Cooper, Dist. Attorney's Office, Baton Rouge, for appellee State.
David Price, Baton Rouge, for defendant/appellant Stewart Young.
Before CRAIN, FOIL and WHIPPLE, JJ.
WHIPPLE, Judge.
Defendant, Stewart Young, was charged by bill of information with Driving While Intoxicated (DWI), fourth offense, in violation of LSA-R.S. 14:98. He pled guilty and, after a Boykin proceeding, was sentenced to ten years at hard labor, with credit for time served, with three years to be served without the benefit of probation, parole or suspension of sentence. This appeal followed.

FACTS
The following facts are derived from the preliminary examination and the Boykin proceeding. On March 20, 1993, defendant was stopped by Baton Rouge City Police for driving erratically. The officers had observed defendant's vehicle on Airline Highway run through a red light, swerve in both lanes, *446 strike the median and swerve again. The officers stopped defendant's vehicle and asked defendant to exit the car. They observed that defendant swayed badly and had to hold on to the car door to keep from falling. When the officers asked defendant for his license, he told them it was suspended for DWI. The officers noticed a strong odor of alcohol on defendant's breath and that his speech was slurred and thick. Defendant performed poorly on two field sobriety tests and refused to take the chemical breathalyzer test. Subsequently, defendant was arrested.

ASSIGNMENT OF ERROR NUMBER ONE
In this assignment of error, defendant contends that the trial court erred by accepting his guilty plea. Defendant argues that the trial court did not advise him of the elements of the crime, thus destroying the voluntariness of the plea. Further, defendant argues that he was given no explanation of the effect of either his refusal to take the chemical breathalyzer test or his predicate offenses.
It is well settled that a plea of guilty waives all defects prior to that plea except those jurisdictional defects which appear on the face of the pleadings and proceedings. See State v. Fabre, 525 So.2d 1222, 1224 (La.App. 1st Cir.), writ denied, 532 So.2d 148 (La.1988). Defendant did not file a motion to withdraw his guilty plea. His claim that the Boykin proceeding was inadequate because the court failed to inform him of the elements of the crime is neither a jurisdictional defect nor an error discoverable by an inspection of the pleadings and proceedings. Nevertheless, we elect to review the merits of defendant's claim.
Initially we note that, with regard to driving while intoxicated, the elements of the offense are conveyed by the title. See State v. Hall, 537 So.2d 321, 323 n. 1 (La.App. 1st Cir.1988). It is true that, at the Boykin proceeding, the court did not read to defendant the criminal statute and did not discuss the elements of the crime which the state must prove in order to convict. However, a preliminary examination was conducted at which testimony revealed facts constituting the elements of DWI, fourth offense. Testimony about defendant's prior three DWI convictions was introduced into evidence. Moreover, at the Boykin proceeding, the court asked the prosecutor for facts; and the prosecutor noted to the court as follows:
PROSECUTOR: On March 20th of 1993, approximately 9:50 in the evening, Baton Rouge City Police Officers came into contact with a vehicle driven by Mr. Stewart Young on Airline Highway. They first observed the vehicle run through a red light and swerve in both lanes, striking the center median and then swerving again. The officers were able to pull over the vehicle. They identified the driver of the vehicle as this defendant, Stewart Young. They observed that he had to hold onto his door to keep from falling and he swayed badly and almost stumbled twice. When asked for his driver's license, Mr. Young stated that his driver's license was under suspension for D.W.I. The officers detected a strong odor of an alcoholic beverage about his breath and that his speech was very slurred and thick tongued. He gave statements to the officers that he admitted to drinking alcohol that evening. He performed poorly on some field sobriety tests that were administered to him, including the alphabet test and the one-legged-stand test. He was offered a chemical breathalyzer test, but refused it. He admitted to drinking approximately three beers earlier that evening at a local lounge known as the Tonga Isle.
The prosecutor then introduced into evidence certified copies of the bills of information and the minute entries of defendant's three prior DWI convictions.
In order to attack the adequacy of the Boykin proceeding, defendant must establish that his lack of awareness of the elements resulted in his unawareness of the essential nature of the offense to which he was pleading. Fabre, 525 So.2d at 1224. Herein, we find that the prosecutor adequately defined the nature of DWI, fourth offense.
Moreover, during the preliminary examination, defendant's probation officer testified *447 that defendant had told him at the jail that he wished to plead guilty to DWI, fourth offense, and "get it over with" because he admitted that he had a problem with alcohol and he wanted treatment. At the beginning of the Boykin proceeding, defendant's attorney informed the court that defendant wished to plead guilty to DWI, fourth offense. Then the court informed defendant that he had certain rights: to a trial by jury, to confront his accusers and against self-incrimination. The court told defendant that, by pleading guilty, he was giving up these rights and inquired if he understood. Defendant answered he understood. The court asked if defendant was coerced or forced into pleading guilty, and defendant answered no. The court inquired into defendant's age and education, and defendant responded that he was 39 years old and had completed the eighth grade. The court inquired about defendant's employment at the time of the incident, and he stated that he had been a welder. The court further inquired if there was anything that the court had said that he did not understand. Defendant answered, "No, Ma'am." The court inquired whether defendant had heard the facts as stated by the prosecutor and asked if defendant agreed with the facts as stated, and defendant answered yes. Further, the court asked defendant if he agreed that he had been convicted three times already for DWI; and defendant answered, "Yes, Ma'am. I do."
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that a defendant be informed of the rights which he is giving up by pleading guilty, namely, the right to a jury trial, the right to confront his accusers and the right against self-incrimination. In the instant case, we find the court adequately complied with the Boykin requirements.
In his brief, defendant argues that he was never informed of the effect of his refusal to take the chemical breathalyzer test, or the requirements for the predicate offenses citing Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976), as controlling. We find Henderson to be distinguishable from the situation presented herein. In Henderson, the defendant was nineteen years old and of substantially below average intelligence. The defendant had worked for the victim and entered her bedroom during the night intending to take the money owed him for his labor. While the defendant was in her bedroom, the victim awoke and screamed; and the defendant stabbed her. Defendant pled guilty to second degree murder. The defendant was never informed that the crime of second degree murder requires a specific intent on the part of the perpetrator. Moreover, during the defendant's sentencing hearing, his lawyers made a statement that the defendant "meant no harm to that lady" when he entered her room with the knife. Henderson, 426 U.S. 637, 643, 96 S.Ct. 2253, 2256, 49 L.Ed.2d 108.
In Henderson, the United States Supreme Court held that neither the trial court nor the defendant's counsel had explained to him that an intent to cause the death of his victim was an element of the offense of second degree murder and the defendant made no factual statement or admission necessarily implying that he had such intent. Therefore, the defendant's plea of guilty to a charge of second degree murder was involuntary because an essential element of the crime to which he was pleading had been omitted.
In the instant case, defendant pled guilty to DWI, fourth offense, a crime in which the title conveys its elements. Moreover, a preliminary examination was held at which defendant's probation officer testified that defendant told him at the jail that he wished to plead guilty because he admitted that he had a problem with alcohol and wanted treatment. Boykin does not require the trial court to inform a defendant of all of his possible defenses to the crime to which he is pleading guilty. Therefore, for the reasons herein stated, we find this assignment of error meritless.

CONCLUSION
For the above and foregoing reasons, we find no merit in the assignment of error raised by the defendant. Thus, defendant's conviction and sentence are hereby affirmed.
*448 CONVICTION AND SENTENCE AFFIRMED.