L. JULIAN SAMUEL, Judge Pro Tem.
Ruffes Tuesno was charged by bill of information with armed robbery, a violation of La. R.S. 14:64. Following a trial by jury, he was found guilty as charged and a sentence of fifteen years was imposed. The State then filed a multiple offender bill against the defendant and, after a hearing on the matter, the trial judge held the defendant to be a second felony offender. Defendant’s original sentence was vacated and he was sentenced to serve thirty-three years at hard labor with credit for time served.
Tuesno’s conviction was affirmed by the Louisiana Supreme Court. State v. Tuesno, 408 So.2d 1269 (La.1982). On November 28, 1983, the same court set aside his enhanced sentence and reinstated the original fifteen year sentence stating: “The trial court was without jurisdiction to impose an enhanced sentence as an order of appeal had been entered prior to imposition of the enhanced sentence.” State ex rel Tuesno v. Maggio, 441 So.2d 1226 (La.1983).
The State then filed a second multiple offender bill. After a hearing on that second bill, Tuesno again was adjudged to be a multiple offender, and he again was sentenced to serve thirty-three years at hard labor with credit for time served.
Defendant now appeals only his adjudication as a second felony offender pursuant to La. R.S. 15:529.1. He has two assignments of error.
ASSIGNMENT OF ERROR NO. 1
By this assignment, defendant argues the trial court erred in adjudging him to be a second felony offender because the transcript of his guilty plea in the underlying felony fails to indicate he was informed of his right to appeal or appellate review if convicted at a trial on the merits. Relying on Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969) and La. Const. Art. I, § 19 (1974), he contends a defendant must be informed of his right to appeal or judicial review before he can enter a constitutionally valid guilty plea.
In Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), the United States Supreme Court held that a guilty plea may not be accepted unless there is an affirmative showing that it is intelligently and voluntarily made. In so holding, the Boykin court noted that:
“Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination guaranteed by the Fifth Amendment and applicable to the States by reason of the Fourteenth ... Second, is the right to trial by jury ... Third, is the right to confront one’s accusers ... We cannot presume a waiver of these three important federal rights from a silent record.” 395 U.S. 238, 243-244, 89 S.Ct. 1709, 1712 (Citations omitted)
In State ex rel. Jackson v. Henderson, 255 So.2d 85 (La.1971), the Louisiana Supreme Court interpreted Boykin to require an express and knowing waiver of at least these three federal constitutional rights (i.e., the right against self-incrimination, the right to a trial by jury, and the right to confront one’s accusers) as a predicate to a constitutionally valid guilty plea.
Defendant now urges us to expand the three-right articulation rule of Boykin and Jackson and adopt a rule declaring invalid guilty pleas in which the trial judge fails to inform the defendant of his right to judicial review of a trial conviction. He argues that under La.Const. Art. I, § 19 (1974), a defendant has a constitutional right to judicial review and that under Boykin and Jackson, he must be informed of this right in order for him to intelligently and knowingly enter a guilty plea. We do not agree.
La. Const. Art. I, § 19 reads:
“No person shall be subjected to imprisonment or forfeiture of rights or property without the right of judicial review based upon a complete record of all evidence upon which the judgment is based. This right may be intelligently waived. The cost of transcribing the record shall be paid as provided by law.”
*1294 When a defendant pleads guilty he is in reality waiving much more than the three constitutional trial rights articulated in Boykin. He is also waiving the presumption that he is innocent until proven guilty, his right “to a speedy, public and impartial trial in the parish where the offense or an element of the offense occurred, unless venue is changed in accordance with law,” to compulsory process for obtaining witnesses, to present a defense and to testify in his own behalf.[1] He also waives his right to non-excessive bail before and during trial.[2] He also waives his right to be free from unreasonable searches and seizures, and to have excluded from the trial any evidence illegally seized,[3] and he waives many more rights not mentioned here, particularly, but not exclusively, considering Art. I, § 24 of our state constitution.[4]
Boykin does not require the trial judge to review with the accused a ritualistic litany of all the rights he is waiving when he pleads guilty. The decision itself does not set forth a rule of procedure. State v. Bowick, 403 So.2d 673 (La.1981). The purpose behind Boykin is simply to insure that the defendant has adequate information so that his decision to plead guilty is truly intelligent and voluntary. State v. Martin, 382 So.2d 933 (La.1980); State v. Murray, 436 So.2d 775 (La.App. 4th Cir.1983). As required by Boykin and Jackson, an articulation of at least the three basic rights therein enumerated is fundamental to this understanding. Outside of this, it is sufficient if the totality of circumstances surrounding the guilty plea reveals its voluntary and knowing nature.
We decline to expand the list of rights about which a defendant must be warned by the trial judge. Were we to hold that this defendant’s Boykinization should have included information of his right to appeal or appellate review, it would necessarily follow that he should be informed of all of the other rights he was waiving by pleading guilty, and such full information, we are convinced, would only serve to confuse a defendant.
A guilty plea should be sustained where it is affirmatively shown there has been compliance with the three-right rule of Boykin and Jackson, and that the totality of circumstances surrounding the plea demonstrates its voluntary and knowing nature.[5] Here we are satisfied that the defendant intelligently and voluntarily pled guilty to the predicate offense.
At the hearing on the multiple offender bill, the State introduced into evidence a certified copy of the bill of information, a fingerprint card, and the transcript of the testimony taken in connection with the defendant’s 1980 conviction of illegal use of weapons, a violation of La. R.S. 14:94. This conviction was based on a plea of guilty entered by the defendant on July 14, 1980. The transcript of the colloquy between the trial judge and the defendant, recorded contemporaneously with the guilty plea, reflects that defendant was represented by counsel, was explained the elements of the offense with which he was charged, and was informed of and expressly waived his right to trial by jury, his right to confront his accusers, and his privilege against self-incrimination both at the time of the plea and at trial. In response to questioning by the trial judge, the defendant expressly said his attorney had explained his rights to him, that he understood them, and that he was pleading guilty of his own free will.
Accordingly, we find the defendant was adequately Boykinized, and that the totali *1295 ty of the circumstances indicates his guilty plea was made with “a full understanding of what the plea connotes and of its consequences.” Boykin v. Alabama, 395 U.S. at 244, 89 S.Ct. at 1712. This assignment of error has no merit.
ASSIGNMENT OF ERROR NO. 2
By this assignment, the defendant contends the trial court erred in adjudging him to be a second felony offender because the State delayed excessively in charging him as a multiple offender.
Tuesno originally was charged as a multiple offender in August, 1981, some four months after his conviction of armed robbery. As has been said, the sentence for that multiple conviction was set aside by the Louisiana Supreme Court. The case was remanded to the trial court on November 28, 1983. State ex rel Tuesno v. Maggio, 441 So.2d 1226 (La.1983). Tuesno again was charged with being a second felony offender on January 19, 1984, less than two months after the Supreme Court’s decision and remand.
In State v. Broussard, 416 So.2d 109 (La.1982) the Supreme Court of Louisiana held that the district attorney must file an habitual offender bill within a “reasonable time” after the prosecution knows that a defendant has a prior felony record. The Court reasoned that: “The same considerations which underlie the constitutional right to a speedy trial compel a conclusion that upon conviction a defendant is entitled to know the full consequences of the verdict within a reasonable time. Since the enhancement of penalty provision is incidental to the latest conviction, the proceeding to sentence under that provision should not be unduly delayed.” State v. Broussard, 416 So.2d 110-111 (La.1982).
Under the circumstances here, we do not find an unreasonable delay in the institution of the habitual offender proceedings. It was the Supreme Court’s decision which necessitated the refiling of the multiple bill in January, 1983.[6] The multiple bill proceeding was instituted less than two months after that decision. Two months certainly is not an unreasonable delay. Accordingly, this assignment of error is without merit.
DECREE
For the foregoing reasons, the defendant’s conviction as a second felony offender pursuant to La. R.S. 15:529.1 is affirmed.
AFFIRMED.

. La. Const. Art. I, § 16

. La. Const. Art. I, § 18

. La. Const. Art. I, § 5

. La. Const. Art. I, § 24 reads:
"The enumeration in this constitution of certain rights shall not deny or disparage other rights retained by the individual citizens of the state.”

.We note that this court, of course, must follow a Supreme Court of Louisiana express ruling to the contrary, but wc know of no holding by that court which expands Boykinization so as to include the right to appeal or judicial review.

. The Supreme Court’s decision in vacating the first enhanced sentence expressly provided for the refiling of the multiple bill. See State ex rel Tuesno v. Maggio, 441 So.2d 1226 (La.1983).