537 So.2d 321 (1988)
STATE of Louisiana
v.
Mark C. HALL.
No. 88 KA 0750.
Court of Appeal of Louisiana, First Circuit.
December 20, 1988.
*322 Walter P. Reed, Dist. Atty., David J. Knight, Asst. Dist. Atty., Covington, for State.
James J. Gleason, III, Covington, for defense.
Before EDWARDS, SHORTESS and SAVOIE, JJ.
SHORTESS, Judge.
The state appeals the trial court's ruling which granted Mark C. Hall's (defendant) motion to quash a prosecution for third offense driving while intoxicated. LSA-R.S. 14:98. Defendant contended the prosecution was invalid because he was not advised of the elements of the offenses when he entered guilty pleas to the two predicate offenses. The trial court agreed. Its minute entry dated February 11, 1988, provides, in pertinent part:
Motion to Quash filed herein on February 9, 1988 is granted. Full Boykin is required in DWI cases. See State v. Jones, 404 So.2d 1192 (La.1981). Defendant must be advised of elements of offense for knowing and voluntary waiver of the right to remain silent. Henderson v. Morgan, [426 U.S. 637], 96 S.Ct. 2253 [49 L.Ed.2d 108] (La.1976). Kennedy v. Maggio, 725 F.2d 269 (C.A.La.1984), State v. Tuesno, 455 So.2d 1292 (La. app. 4 cir.1994 (sic)). Record must contain affirmative showing of valid waiver. State v. Halsell, 403 So.2d 688, (La.1981).
The question before us is whether the trial court erred by finding that the two predicate offenses could not be used to enhance the charge of driving while intoxicated to third offense driving while intoxicated, a felony.
Before the trial court can accept a plea of guilty, it must determine that the defendant understands the nature of the charges, his right to a jury trial, the acts sufficient to constitute the offenses for which he is charged, and the range of possible sentences. Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969). This rule is also applicable to misdemeanors that can be used to enhance a subsequent charge. See State v. Jones, 404 So.2d 1192 (La.1981). Before accepting a guilty plea, the trial court must also insure that the accused understands the true nature of the charge against him. Henderson v. Morgan, 426 U.S. 637, 96 S.Ct. 2253, 49 L.Ed.2d 108 (1976). In cases where a predicate offense is an essential element of the offense charged, a reviewing court may be required to consider the validity of the predicate plea in response to a complaint that the plea was involuntary because the accused did not understand the nature of the charge to which the plea was entered. See Marshall v. Lonberger, 459 U.S. 422, 103 S.Ct. 843, 74 L.Ed.2d 646 (1983).
The validity of a guilty plea does not depend upon whether or not the trial court specifically informed the accused of every element of the offense. Rather, the defendant must establish that his lack of awareness of the elements resulted in his unawareness of the essential nature of the offense to which he was pleading. See State v. Bowick, 403 So.2d 673 (La.1981).
In State ex rel. Halvorsen v. Blackburn, 388 So.2d 806 (La.1980), the defendant pled guilty to eleven counts of aggravated crime against nature. The indictment failed to allege that penetration, an essential element of anal-genital crime against nature, had occurred. The Louisiana Supreme Court refused to set aside the guilty pleas *323 simply because of the lack of an affirmative record regarding notice of the nature of the crime and found that the due process requirement of notice may be satisfied from other sources. The Court remanded the matter for an evidentiary hearing at which the accused was to bear the burden of proving that he did not receive actual notice of the nature of the crimes to which he pleaded guilty. The Court specifically noted, however, that the bill of information did not provide adequate notice because it omitted an essential element of the offense and, further, that the elements of the offense were not clarified during the plea colloquy.
In order to convict an accused of driving while intoxicated, the state need only prove that (1) defendant was operating a vehicle or other conveyance; and (2) defendant was under the influence of alcoholic beverages or some type of drug. State v. Fontenot, 408 So.2d 919, 921 (La.1981). Where an accused is charged as a second, third, or fourth DWI offender, the information or indictment must allege the prior convictions. State v. Neal, 347 So.2d 1139, 1141 (La.1977).
The bill of information which instituted this prosecution provided:
[t]hat one MARK C. HALL late of the Parish of St. Tammany, on the 14th day of May, in the year of our Lord, one thousand nine hundred and eighty-seven, in the Parish of St. Tammany, aforesaid, and within the jurisdiction of the Twenty-second Judicial District Court of Louisiana, for the Parish of St. Tammany:
Unlawfully did operate a motor vehicle on a public highway while under the influence of alcoholic beverages, in violation of R.S. 14:98,
And now, the District Attorney informs this Honorable Court that this is a third offense, the defendant having previously pled guilty of operating a motor vehicle on a public highway while under the influence of alcoholic beverages on the 8th day of June, 1983, in the Monroe City Court, # 3644,
And further having pled guilty to operating a motor vehicle on a public highway while under the influence of alcoholic beverages on the 2nd day of August, 1982, in the Monroe City Court, # 1897, ...
The predicate offenses were instituted by affadavit, the first dated June 11, 1982, charged:
[Mark C. Hall] on or about the 11nd day of June 1982, did operate a vehicle or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates....
The second affidavit dated March 28, 1983, charged that:
[Mark C. Hall] on or about the 26 day of March 1983 did operate a vehicle or other means of conveyance while under the influence of alcoholic beverages, narcotic drugs, central nervous system stimulants, hallucinogenic drugs or barbiturates, said party being a second offender having been convicted of a violation of this statute on August 2, 1982 in proceedings styled City of Monroe vs. Mark C. Hall, docket No. 1897, Monroe Municipal City Court, Ouachita Parish, State of Louisiana.
Adequate notice of the essential elements of the offenses to which he entered the predicate pleas was provided by the allegations of the affidavits.[1] The trial court erred by granting defendant's motion *324 to quash the prosecution for third offense driving while intoxicated based on that specification.
None of the cases cited by the trial court in its written reasons contradict this finding. Henderson was specifically concerned with a plea to an offense that was never charged in writing and which omitted an essential element of which the accused specifically claimed he had no notice. In Kennedy v. Maggio, 725 F.2d 269 (5th Cir. 1984), the defendant pled guilty in 1973 to a charge of aggravated rape under the belief that, by entering the plea, he avoided the possibility of a capital sentence. However, Furman v. Georgia, 408 U.S. 238, 92 S.Ct. 2726, 33 L.Ed.2d 346 (1972), had effectively abrogated the Louisiana statute which imposed the death penalty for aggravated rape. Several years later, the accused claimed that he received ineffective assistance of counsel because he had been incorrectly advised that the death penalty was available in his case. The United States Fifth Circuit Court of Appeals granted the petitioner's writ, subject to the State's right to reindict and retry defendant within ninety days, or afford the petitioner the opportunity to enter a constitutionally valid plea. In State v. Halsell, 403 So.2d 688 (La.1981), the Louisiana Supreme Court noted that, for purposes of establishing the voluntariness of a guilty plea, although a trial court could not rely upon the defendant's statement that his constitutional rights were explained to him out of court, the trial judge could rely upon the written assertion of defendant's counsel that he had informed the defendant of his right against self-incrimination and that counsel was entirely satisfied that the plea was made knowingly and voluntarily. 403 So.2d at 692. In State v. Tuesno, 455 So.2d 1292 (La.App. 4th Cir.1984), the Fourth Circuit simply refused to expand the "three-right articulation rule" of Boykin v. Alabama to include a requirement that the trial judge must also inform the defendant of his right to judicial review of a trial conviction before accepting a guilty plea. 455 So.2d at 1293.
We reverse the trial court's ruling quashing this prosecution and remand for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
NOTES
[1] Moreover, defendant never claimed that he was unaware of the elements of driving while intoxicated; his motion to quash was simply a facial attack on the bill of information. The transcript of the first predicate offense reflects that, before the court accepted the plea, defendant acknowledged that he wished to plead guilty to the charge of driving while intoxicated. The transcript of the second predicate offense reflects that, before the court accepted the plea, defendant acknowledged that he wished to plead guilty to driving while intoxicated as a second offender. We note that, with regard to driving while intoxicated and driving while intoxicated, second offense, the elements of the offenses are conveyed by the titles thereto. By acknowledging his desire to plead guilty to these offenses, defendant admitted his notice of the essential elements of the predicate offenses.