WHIPPLE, Judge.
Defendant, Mike J. Wooders, was charged in a two-count bill of information with one count each of distribution of cocaine and possession with intent to distribute cocaine, violations of LSA-R.S. 40:964 *937 and LSA-R.S. 40:967 A(1). As a result of a plea bargain, defendant pled guilty as charged. In accordance with this plea bargain, defendant agreed to stipulate to the provisions of a bill of information alleging that he was a second felony offender and the trial court agreed to impose concurrent sentences of fifteen years at hard labor without benefit of probation or suspension of sentence on each count. Thereafter, he filed a motion to withdraw these pleas, alleging that he did not fully understand the penalties to which he was exposed. The trial court denied the motion and imposed sentences in accordance with the agreement. Defendant appealed, alleging three assignments of error, as follows:
1. The trial court erred by denying defendant’s motion to withdraw his guilty plea.
2. The trial court erred by finding defendant to be a habitual offender.
3. The trial court imposed excessive sentences and failed to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.
Assignments of error one and three were specifically abandoned. '
FACTS
According to the factual basis for the guilty pleas supplied by the state during the Boykin examination, defendant approached two Baton Rouge City Police officers who were working as undercover narcotics agents and offered to sell cocaine to them for $30.00. He was arrested after he handed one of the officers a clear plastic bag which purportedly contained cocaine. A field test confirmed that the substance actually was cocaine. Defendant had three similar bags of cocaine on his person at the time of his arrest.
ASSIGNMENT OF ERROR NUMBER TWO
Defendant claims that the court erred by finding him to be an habitual offender because he was not informed of his right to remain silent or his right to a hearing on the issue of his status as a habitual offender. He further claims that, because the state had not filed .the habitual offender bill at the time of the stipulation, he could not have been informed of the allegations contained in the petition charging that he was a habitual offender. In response, the state argues that because the provisions of the habitual offender act, LSA-R.S. 15:529.1, are statutory in origin, the court’s failure to advise defendant of his rights thereunder is not a ground to vacate the habitual offender adjudication.
The transcript of the sentencing proceeding reveals that the court interpreted the portion of the agreement that stated “[d]e-fendant will stipulate to being a second offender” to mean that the stipulation had been accomplished and that no further proceedings were necessary. However, LSA-R.S. 15:529.1 D.(1) provides that upon the filing of a multiple offender bill of information, the trial court shall cause the defendant to be brought before it and “shall inform him of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true.” See State v. Martin, 427 So.2d 1182, 1184-1185 (La.1983). In State v. Johnson, 432 So.2d 815, 817 (La.1983), the Louisiana Supreme Court held that the trial court must advise the accused of his statutory right to remain silent during the habitual offender proceedings in order to obtain a valid stipulation. See also State v. Musacchia, 536 So.2d 608, 612 (La.App. 1st Cir.1988); State v. Ray, 521 So.2d 582, 587 (La.App. 1st Cir.), writ denied, 525 So.2d 1055 (La.1988).
Even if defendant’s agreement to stipulate to the provisions of a bill charging that he was a second felony offender could be considered a waiver of his right to be informed of the specific allegations of the petition, the trial court nevertheless was required to advise defendant of his statutory rights and his right to remain silent before requiring him to state his final agreement. Accordingly, we find that defendant’s adjudication as a second felony offender and the instant sentences must be vacated and this matter remanded for further proceedings. We note, however, that *938 if defendant fails to stipulate to the provisions of the habitual offender bill, as he agreed to do, the entire plea agreement falls; and, upon conviction or a subsequent guilty plea, the sentencing discretion of the trial court will be unfettered. See State v. White, 517 So.2d 461, 464 (La.App. 1st Cir.1987), writ denied, 521 So.2d 1184 (La.1988).
Additionally, should defendant be adjudicated a second felony offender upon remand, we note that only one of the instant convictions and sentences can be so enhanced. Both of the instant convictions arose from the same criminal transaction and therefore, only one conviction can be enhanced pursuant to LSA-R.S. 15:529.1. See State ex rel. Porter v. Butler, 573 So.2d 1106, 1109 (La.1991). Accordingly, it would be necessary for the State to amend the habitual offender bill to specifically indicate which of the two convictions was being so enhanced.
PATENT ERRORS
Defendant also argues his guilty pleas should be vacated because the record contains patent error in that the trial court failed to notify him at the Boykin hearing of the nature of the charges against him or of the maximum range of sentences to which he was exposed by the pleas. Specifically, defendant contends the trial court failed to inform him of the required elements of the charges against him.
A plea cannot be considered voluntary unless the defendant has notice of the essential nature of the charge against him. See State ex rel. Halvorsen v. Blackburn, 388 So.2d 806, 807 (La.1980). However, it is not essential to the validity of a guilty plea that the trial court specifically inform the defendant of every element of the charged offense. Rather, the defendant must establish that his lack of awareness regarding the essential elements of the offense resulted in his unawareness of the essential nature of the offense to which he pled guilty. State v. Hall, 537 So.2d 321, 322 (La.App. 1st Cir.1988); State v. Fabre, 525 So.2d 1222, 1224 (La.App. 1st Cir.), writ denied, 532 So.2d 148 (La.1988). In this case, although the trial court did not read defendant the definition of the charges or state the elements thereof, we believe defendant was aware of the essential nature of the charges. The elements of the offenses of distribution of cocaine and possession with intent to distribute cocaine are not complex. See LSA-R.S. 40:967 A.(1) and LSA-R.S. 40:961(13); State v. Hobdy, 494 So.2d 1321, 1326 (La.App. 2nd Cir.1986), writ denied, 502 So.2d 110 (La.1987). In fact, we believe the essential nature of these offenses is conveyed by their very titles. See Hall, 537 So.2d at 323 n. 1.
With respect to the claim that the trial court failed to advise defendant of his maximum possible sentence exposure, we note that Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), does not require such advice. It is not clear what, if any, explanation is owed to a defendant about his maximum penalty exposure, only that an understanding of the exposure is important to a defendant in some cases. State v. Harris, 601 So.2d 775, 777 (La.App. 1st Cir.1992). The written plea agreement which defendant signed in this case set forth the entire range of sentences the trial court could impose; however, it did not inform defendant that consecutive sentences could be imposed. However, we believe defendant had a sufficient understanding of his sentencing exposure. He does not contend that his guilty pleas were rendered involuntary because he received sentences in excess of the ones promised nor that he was actually unaware of his sentencing exposure. Defendant, in fact, was aware that he could receive a maximum sentence of thirty years on each of the two offenses with which he was charged, even without enhancement as a habitual offender, but chose to plead guilty in exchange for lesser sentences specifically agreed to by the court. Accordingly, we find no merit in defendant’s contention that his guilty pleas should be vacated because he was not informed of his maximum sentencing exposure. See Harris, 601 So.2d at 778.
*939 CONCLUSION
For these reasons, the defendant’s convictions are affirmed. The habitual offender adjudication and sentence is hereby vacated, and the matter is remanded for further proceedings consistent with this opinion.
CONVICTIONS AFFIRMED; HABITUAL OFFENDER ADJUDICATION AND SENTENCES VACATED AND REMANDED.