722 So.2d 1048 (1998)
STATE of Louisiana
v.
Andrew J. SMITH.
No. 97 KA 2849.
Court of Appeal of Louisiana, First Circuit.
November 6, 1998.
Rehearing Denied December 16, 1998.
Walter P. Reed, District Attorney, Covington, Dorothy A. Pendergast, Metairie, for Appellee State of Louisiana.
Douglas A. Allen, Jr., Jefferson, for Appellant Andrew J. Smith.
Before LeBLANC, FOGG and PARRO, JJ.
LeBLANC, Judge.
The defendant, Andrew Joseph Smith, was charged by bill of information for driving while intoxicated, third offense, a violation of La. R.S. 14:98. The defendant originally pled not guilty; however, he subsequently changed his plea to guilty as charged, reserving his right under State v. Crosby, 338 So.2d 584 (La.1976), to appeal the denial of his motion to quash the bill of information. After a Boykin examination, the trial court accepted the defendant's plea. He was sentenced to eighteen months in the parish jail with one year of the sentence suspended and upon his release to be placed on probation for three years with a number of special conditions including enrollment in a substance abuse program. He has appealed, urging one assignment of error.

FACTS:
Because the defendant pled guilty, the facts of the offense were not fully developed. On August 23, 1996, in St. Tammany Parish, the defendant operated a motor vehicle while under the influence of alcoholic beverages. The defendant had two prior convictions of driving while intoxicated.

ASSIGNMENT OF ERROR:
In his sole assignment of error, the defendant contends that the trial court erred in failing to grant his motion to quash the instant bill of information. In his brief to this court, he argues that a prior plea to driving while intoxicated (# 208364) was defective because at the time of the plea, he was not informed of his right to judicial review. Thus, the defendant contends that because he was not informed of his right to appeal, he did not intelligently waive that right and, thus, his guilty plea was not knowingly and intelligently entered.
Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires that a trial court ascertain, before accepting a guilty plea, that defendant has voluntarily and knowingly waived his right against selfincrimination, his right to a jury trial, and his right to confrontation. Contrary to the defendant's assertions, Boykin only requires that a defendant be informed of the three rights enumerated above. "Its scope has not been expanded to include advising the defendant of any other rights which he may have, nor of the possible consequences of his actions." State v. Nuccio, 454 So.2d 93, 104 *1049 (La.1984); State v. Medine, 623 So.2d 110, 113 (La.App. 1 Cir.1993).
Although the defendant urges this court to expand the three-right articulation rule of Boykin and adopt a rule declaring invalid guilty pleas in which the trial judge fails to inform the defendant of his right to judicial review of a conviction, we decline to expand the list of rights about which a defendant must be warned by the trial judge. See State v. Hall, 537 So.2d 321, 324 (La.App. 1 Cir.1988) (citing State v. Tuesno, 455 So.2d 1292, 1293-95 (La.App. 4 Cir.1984)). We are satisfied that the defendant knowingly and intelligently pled guilty to the predicate offense. Accordingly, we fail to find that the trial court erred in denying the defendant's motion to quash the bill of information. This assignment of error is without merit.
CONVICTION AND SENTENCE AFFIRMED.