STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

2022 KA 0587

STATE OF LOUISIANA

VERSUS

MAURICE ANDERSON

Judgment Rendered:    DEC 2 2 2022

Appealed from the
Twenty-First Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Docket Number 1202751

The Honorable Charlotte Foster, Judge Presiding

************

| | |
|---|---|
| Scott M. Perrilloux<br>Amite, LA | Counsel for Appellee,<br>State of Louisiana |
| Brett Sommer<br>Livingston, LA | |
| Liu T. Vo Clark<br>Mandeville, LA | Counsel for Defendant/Appellant,<br>Maurice Anderson |
| Maurice Anderson<br>Angola, LA | Appellant *Pro se* |

************

BEFORE:  WHIPPLE, C.J., GUIDRY, AND HOLDRIDGE, JJ.

**WHIPPLE, C.J.**

The defendant, Maurice J. Anderson, was charged by amended grand jury indictment with theft when the misappropriation or taking amounts to a value of one thousand five hundred dollars or more (count I), a violation of LSA-R.S. 14:67(B)(1) (prior to amendment by 2017 La. Acts No. 281, § 1 & 2014 La. Acts No. 255, §1) and aggravated battery (count II), a violation of LSA-R.S. 14:34. He pled not guilty on both counts. Following a jury trial, the defendant was found guilty as charged as to count I, and guilty of the responsive offense of simple battery as to count II. He moved for a new trial and a post-verdict judgment of acquittal, but the motions were denied. On count I, the defendant was sentenced to ten years at hard labor. On count II, he was sentenced to a consecutive term of six months in parish prison. Thereafter, by amended habitual offender bill of information, the State alleged, on count I, the defendant was a fourth-felony habitual offender.[1] Following a hearing, the defendant was adjudged a fourth-felony habitual offender, his prior sentence on count I was vacated, and he was sentenced to sixty years at hard labor. The convictions, habitual offender adjudication, and sentences were affirmed by this court and supervisory review

---

[1] Predicate number one was set forth as the defendant's July 12, 1989 convictions, under Twenty-First Judicial District Court Docket numbers 55231 and 57296 for felony theft. The State further set forth that the defendant was sentenced to concurrent terms of two years at hard labor and seven years at hard labor, respectively, for the offenses.

Predicate number two was set forth as the defendant's March 29, 1999 convictions under Twenty-First Judicial District Court Docket number 79726, for simple burglary of an inhabited dwelling; under Twenty-First Judicial District Court Docket number 83332 for unauthorized entry of an inhabited dwelling; and under Twenty-First Judicial District Court Docket number 87213 for simple burglary. The State further set forth that the defendant was sentenced to concurrent terms of ten years at hard labor on each count, six years suspended, and five years probation for the offenses. The State also set forth that the defendant's probation was revoked on March 5, 2022.

Predicate number three was set forth as the defendant's May 12, 2003 conviction, under Twenty-Second Judicial District Court Docket number 85028, for possession or introduction of contraband (marijuana) into a penal institute. The State further set forth that the defendant was sentenced to three years at hard labor, imposition of which was suspended, and three years probation for the offense.

Predicate number four was set forth as the defendant's November 5, 2004 conviction, under Twenty-Second Judicial District Court Docket number 87690, for possession or introduction of contraband (marijuana) into a penal institute. The State further set forth that the defendant was sentenced to six months at hard labor for the offense.

was denied by the Louisiana Supreme Court and the United States Supreme Court. State v. Anderson, 2015-1043 (La. App. 1st Cir. 2/24/16), 2016 WL 759166; State v. Anderson, 2016-1191 (La. App. 1st Cir. 2/17/17), 2017 WL 658782, writ denied, 2017-0671 (La. 2/2/18), 237 So. 3d 512, cert. denied, ___ U.S. ___, 139 S. Ct. 145, 202 L. Ed. 2d 88 (2018).

Subsequently, the defendant moved to correct his "illegal sentence," claiming he benefitted from 2017 La. Acts No. 282, but his motions were denied. This court denied his application for supervisory relief. State v. Anderson, 2018-1698 (La. App. 1st Cir. 2/19/19), 2019 WL 669501. Thereafter, the Louisiana Supreme Court vacated the habitual offender adjudication and sentence and remanded the case to the trial court for a new habitual offender adjudication in light of State v. Lyles, 2019-00203 (La. 10/22/19), 286 So. 3d 407, 411 (per curiam) ("[f]or persons like defendant, whose convictions became final on or after November 1, 2017, and whose habitual offender bills were filed before that date, the full provisions of [2017 La. Acts No.] 282 apply. ... On remand, the district court is directed to apply the version of the Habitual Offender Law, La. R.S. 15:529.1, as it was amended by 2017 La. Acts[.] [No.] 282, and before its amendment by 2018 La. Acts [No.] 542."). State v. Anderson, 2019-0468, 2019-0442 (La. 11/25/19), 283 So. 3d 488 (per curiam).

Following remand, the State filed a new habitual offender bill of information against the defendant, alleging on count I, he was a fourth-felony habitual offender.[2] The defendant denied the allegations of the bill. Prior to the habitual

---

[2]Predicate number 1 was set forth as the defendant's March 29, 1999 convictions under Twenty-First Judicial District Court Docket number 79726, for simple burglary of an inhabited dwelling; under Twenty-First Judicial District Court Docket number 83332 for unauthorized entry of an inhabited dwelling; and under Twenty-First Judicial District Court Docket number 87213 for simple burglary. The State further set forth that the defendant was sentenced to concurrent terms of ten years at hard labor on each count, six years suspended, and five years probation for the offenses. The State also set forth that the defendant's probation was revoked on March 5, 2022.

3

offender hearing, he moved for a downward departure from the mandatory minimum sentence. Following a hearing, the trial court denied the motion for downward departure, adjudged the defendant a fourth-felony habitual offender, vacated the original sentence imposed on count I, and sentenced the defendant to twenty years at hard labor. The defendant objected to the sentence. He now appeals, filing a counseled and a *pro se* brief. In his counseled brief, he challenges the habitual offender sentence as unconstitutionally excessive. In his *pro se* brief, he raises four assignments of error. For the following reasons, we affirm the habitual offender adjudication and sentence.

## FACTS

A recitation of the facts concerning the offenses at issue are set forth in Anderson, 2016 WL 759166 at *1 - *2.

## UNCONSTITUTIONALLY EXCESSIVE SENTENCE

In his sole counseled assignment of error, the defendant contends his sentence was unconstitutionally excessive for a felony theft conviction. He argues that while he "has prior convictions that statutorily make him eligible to receive this harsh sentence, the trial court failed to give appropriate consideration to any possible mitigating factors that counsel for [the defendant] attempted to present." The defendant notes he is a fifty-three year old man, sentenced to twenty years imprisonment under the habitual offender law, which makes him ineligible for good time.[3]

---

Predicate number 2 was set forth as the defendant's May 12, 2003 conviction, under Twenty-Second Judicial District Court Docket number 85028, for possession or introduction of contraband (marijuana) into a penal institute. The State further set forth that the defendant was sentenced to three years at hard labor, two and one-half years suspended, and three years probation for the offense.

Predicate number 3 was set forth as the defendant's November 4, 2004 conviction, under Twenty-Second Judicial District Court Docket number 87690, for possession or introduction of contraband (marijuana) into a penal institute. The State further set forth that the defendant was sentenced to six months at hard labor for the offense.

[3]See LSA-R.S. 15:571.3(C)(1).

4

The Eighth Amendment to the United States Constitution and Article I, § 20, of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. Although a sentence falls within statutory limits, it may be excessive. A sentence is considered constitutionally excessive if it is grossly disproportionate to the seriousness of the offense or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Chaney, 2020-0981 (La. App. 1st Cir. 6/4/21), 327 So. 3d 1038, 1045, writ denied, 2021-01204 (La. 11/10/21), 326 So. 3d 1251.

The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of a manifest abuse of discretion. Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing sentence. While the entire checklist of LSA-C.Cr.P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. Chaney, 327 So. 3d at 1045.

The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. art. 894.1. Chaney, 327 So. 3d at 1045. The trial judge should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. Chaney, 327 So. 3d at 1045. On appellate review of a sentence, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. Chaney, 327 So. 3d at 1045-1046.

5

In State v. Dorthey, 623 So. 2d 1276, 1280-1281 (La. 1993), the Louisiana Supreme Court opined that if a trial judge were to find that the punishment mandated by LSA-R.S. 15:529.1 makes no "measurable contribution to acceptable goals of punishment" or that the sentence amounted to nothing more than "the purposeful imposition of pain and suffering" and is "grossly out of proportion to the severity of the crime," he has the option, indeed the duty, to reduce such sentence to one that would not be constitutionally excessive. In State v. Johnson, 97-1906 (La. 3/4/98), 709 So. 2d 672, 676-677, the Louisiana Supreme Court reexamined the issue of when Dorthey permits a downward departure from the mandatory minimum sentences in the Habitual Offender Law. A sentencing court must always start with the presumption that a mandatory minimum sentence under the Habitual Offender Law is constitutional. A court may only depart from the minimum sentence if it finds clear and convincing evidence in the particular case before it that rebuts this presumption of constitutionality. A trial court may not rely solely upon the non-violent nature of the instant or prior offenses as evidence that justifies rebutting the presumption of constitutionality. While the classification of a defendant's instant or prior offenses as non-violent should not be discounted, this factor has already been taken into account under the Habitual Offender Law for third and fourth offenders. Chaney, 327 So. 3d at 1046 (citing Johnson, 709 So. 2d at 676).

To rebut the presumption that the mandatory minimum sentence is constitutional, the defendant must clearly and convincingly show that he is exceptional, which means that, because of unusual circumstances, this defendant is a victim of the legislature's failure to assign sentences that are meaningfully tailored to the culpability of the offender, the gravity of the offense, and the circumstances of the case. Given the legislature's constitutional authority to enact statutes such as the Habitual Offender Law, it is not the sentencing court's role to question the legislature's wisdom in requiring enhanced punishments for multiple offenders.

Instead, the sentencing court is only allowed to determine whether the particular defendant before it has proven that the mandatory minimum sentence is so excessive in his case that it violates the constitution. Departures downward from the minimum sentence under the Habitual Offender Law should occur only in rare situations. Chaney, 327 So. 3d at 1046-1047 (citing Johnson, 709 So. 2d at 676-677).

Whoever commits the crime of theft when the misappropriation or taking amounts to a value of one thousand five hundred dollars or more shall be imprisoned, with or without hard labor, for not more than ten years, or may be fined not more than three thousand dollars, or both. LSA-R.S. 14:67(B)(1) (prior to amendment by 2017 La. Acts No. 281, § 1 & 2014 La. Acts No. 255, §1).

Under the Habitual Offender Law, as applicable here, if the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment for any term less than his natural life, then if the fourth felony and no prior felony is defined as a crime of violence under LSA-R.S. 14:2(B) or as a sex offense under LSA-R.S. 15:541, the person shall be imprisoned for not less than twenty years nor more than twice the longest possible sentence prescribed for a first conviction. If twice the possible sentence prescribed for a first conviction is less than twenty years, the person shall be imprisoned for twenty years. LSA-R.S. 15:529.1(A)(4)(a) and (b). The defendant herein was sentenced to twenty years at hard labor.

The defendant did not prove by clear and convincing evidence that he was exceptional such that the mandatory sentence was not meaningfully tailored to his culpability, the gravity of the offense, and the circumstances of the case. See Johnson, 709 So. 2d at 676; Chaney, 327 So. 3d at 1046. Indeed, rather than being exceptional, he is exactly the kind of repeat offender for whom the mandatory minimum sentence was enacted. The Legislature passed the Habitual Offender Law to deter and punish recidivism. Under this statute, the defendant with multiple felony

convictions is treated as a recidivist who is to be punished for the instant crime in light of his continuing disregard for the laws of our state. He is subjected to a longer sentence because he continues to break the law. Johnson, 709 So. 2d at 677.

At the initial habitual offender hearing, the trial court found the defendant herein had an "extensive criminal history." The court noted, "[s]ince 1987, the defendant has been convicted of at least twelve felony offenses and fifteen misdemeanor offenses." Additionally, based upon review of the transcripts admitted into evidence in connection with the matter, the trial court found the defendant had "shown no remorse for any of the crimes he committed." Lastly, the court considered that none of the defendant's felony convictions were deemed crimes of violence. At the sentencing hearing upon remand, the trial court noted it had reviewed the defendant's sentencing memorandum and the criteria set forth in Dorthey, and did not find that the sentence imposed was excessive or grossly out of proportion to the severity of the crime. Accordingly, there was no reason for the trial court to deviate from the provisions of LSA-R.S. 15:529.1(A)(4)(a) in sentencing the defendant. The sentence imposed was not grossly disproportionate to the severity of the offense and, therefore, was not unconstitutionally excessive.

This assignment of error lacks merit.

## PRO SE ARGUMENTS

In his *pro se* brief, the defendant asserts the following assignments of error contending that: (1) his trial counsel was ineffective for failing to challenge the sentence concerning predicate number one as illegal and for failing to require the State to specify which predicate conviction in predicate number one was being used for enhancement; (2) the trial court erred in adjudging the defendant a fourth-felony habitual offender because the State failed to establish the cleansing period had not expired concerning the predicate offenses; (3) the trial court erred in using predicate number two to enhance the sentence because the defendant was not advised that there

8

would be "no multi-bill" or of his right to post-conviction relief; and (4) the trial court erred in using predicate number three to enhance the sentence because it was cleansed and because of ineffective assistance of counsel.

***Pro se* Assignment of Error No. 1**

In his first *pro se* assignment of error, the defendant argues that his trial counsel was ineffective for failing to object to the State's use of its first predicate offense where the conviction resulted in an illegally excessive sentence and is thus invalid.

A claim of ineffective assistance of counsel is generally relegated to post-conviction proceedings, unless the record permits definitive resolution on appeal. State v. McMillan, 2009-2094 (La. App. 1st Cir. 7/1/10), 43 So. 3d 297, 302, writ denied, 2010-1779 (La. 2/4/11), 57 So. 3d 309. A claim of ineffectiveness of counsel is analyzed under the two-pronged test developed by the United States Supreme Court in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). In order to establish that his trial attorney was ineffective, the defendant must first show that the attorney's performance was deficient, which requires a showing that counsel made errors so serious that he was not functioning as counsel guaranteed by the Sixth Amendment. Secondly, the defendant must prove that the deficient performance prejudiced the defense. McMillan, 43 So. 3d at 302. This element requires a showing that the errors were so serious that the defendant was deprived of a fair trial; the defendant must prove actual prejudice before relief will be granted. It is not sufficient for defendant to show that the error had some conceivable effect on the outcome of the proceeding. Rather, he must show that, but for the counsel's unprofessional errors, there is a reasonable probability the outcome of the trial would have been different. However, it is unnecessary to address the issues of both counsel's performance and prejudice to the defendant if the defendant makes an inadequate showing on one of the components. McMillan, 43 So. 3d at 302-303.

9

Pursuant to State v. Shelton, 621 So. 2d 769 (La. 1993), once the State carries its initial burden at an habitual offender hearing of proving the existence of a defendant's prior guilty pleas and his representation by counsel or waiver of counsel, the burden shifts to the defendant "to produce some affirmative evidence showing an infringement of his rights or a procedural irregularity in the taking of the plea." Shelton, 621 So. 2d at 779. This aspect of Shelton has been incorporated in LSA-R.S. 15:529.1(D)(1)(b), 1993 La. Acts 896, which provides that a defendant who has alleged a constitutional deficiency in one or more of his prior convictions "shall have the burden of proof, by a preponderance of the evidence, on any issue of fact raised by [his] response [to the state's habitual offender bill.]." A defendant "can attempt to meet his burden of production with a transcript, with testimony regarding the taking of the plea, or with other *affirmative evidence*." Shelton, 621 So. 2d at 779, n.24 (emphasis added). The State's own documentary evidence introduced to prove the fact of conviction may also satisfy the defendant's burden of production if it affirmatively reveals a Boykin defect in the proceedings. State v. Clesi, 2007-0564 (La. 11/2/07), 967 So. 2d 488, 489-490 (per curiam).

The defendant alleges that his counsel was ineffective because he failed to make particular attacks on the predicates. Allegations of ineffectiveness relating to the choice made by counsel to pursue one line of defense as opposed to another constitute an attack upon a strategy decision made by trial counsel. State v. Allen, 94-1941 (La. App. 1st Cir. 11/9/95), 664 So. 2d 1264, 1271, writ denied, 95-2946 (La. 3/15/96), 669 So. 2d 433. The investigation of strategy decisions requires an evidentiary hearing[4] and, therefore, cannot possibly be reviewed on appeal. Further, under our adversary system, once a defendant has the assistance of counsel, the vast array of trial decisions, strategic and tactical, which must be made before and during trial rest with an accused and his attorney. The fact that a particular strategy is

_____

[4]The defendant would have to satisfy the requirements of La. Code Crim. P. art. 924, *et seq.*, in order to receive such a hearing.

10

unsuccessful does not establish ineffective assistance of counsel. State v. Folse, 623 So. 2d 59, 71 (La. App. 1st Cir. 1993). Thus, the defendant's arguments that counsel was ineffective because he failed to make particular attacks on the predicates are not subject to appellate review.

When the substantive issue that an attorney has not raised has no merit, then the claim the attorney was ineffective for failing to raise the issue also has no merit. State v. Williams, 613 So. 2d 252, 256-257 (La. App. 1st Cir. 1992). Whoever commits the crime of unauthorized entry of an inhabited dwelling shall be fined not more than one thousand dollars or imprisoned with or without hard labor for not more than six years, or both. LSA-R.S. 14:62.3(B). The defendant claims he received an illegal nine-year sentence for unauthorized entry of an inhabited dwelling in Twenty-Second Judicial District Court Docket number 83332. However, the defendant's own brief shows he was sentenced to six years at hard labor for the offense. The defendant arrives at the nine-year sentence by combining the non-suspended portion of the sentence in docket number 83332, with the non-suspended portion of the sentence in another offense, which the court ruled would be served concurrently, and then adding a five-year term of probation. This portion of *pro se* assignment of error number one is without merit.

The defendant also alleges counsel was ineffective for failing to require the State to specify which predicate conviction in predicate number one it was using for enhancement. The defendant argues the convictions under Twenty-Second Judicial District Court Docket numbers 79726, 83332, and 87213, were all entered on March 29, 1999, and thus, could only be counted as one conviction. The defendant is correct that these convictions had to be counted as one offense under the Habitual Offender Law. See LSA-R.S. 15:529.1(B) ("[m]ultiple convictions obtained on the same day prior to October 19, 2004, shall be counted as one conviction for the purpose of [the habitual offender law.]"). However, as

11

previously mentioned in footnote 2, in accordance with LSA-R.S. 15:529.1(B), the State offered the defendants three convictions on March 29, 1999, as one conviction, i.e., predicate number one. This portion of *pro se* assignment of error number one is also without merit.

### *Pro se* Assignment of Error No. Two

In *pro se* assignment of error number two, the defendant claims the trial court erred in adjudging him a fourth-felony habitual offender because the State failed to establish the cleansing period had not expired concerning the predicate offenses.

As applicable here, LSA-R.S. 15:529.1(C)(1) provides:

> [T]he current offense shall not be counted as, respectively, a second, third, fourth, or higher offense if more than five years have elapsed between the date of the commission of the current offense or offenses and the expiration of the correctional supervision, or term of imprisonment if the offender is not placed on supervision following imprisonment, for the previous conviction or convictions, or between the expiration of the correctional supervision, or term of imprisonment if the offender is not placed on supervision following imprisonment, for each preceding conviction or convictions alleged in the multiple offender bill and the date of the commission of the following offense or offenses.

The date of actual discharge from the State's custody, whether extended through revocation of parole or shortened by law due to "good time" diminution of the initial sentence, is the controlling date for determining the expiration of the predicate felony. Where less than five years have elapsed since the defendant's last conviction, the State need not prove the date of discharge on the earlier sentence in the habitual offender proceedings. State v. Richardson, 91-2339 (La. App. 1st Cir. 5/20/94), 637 So. 2d 709, 714.

John Rohner, probation and parole supervisor, testified at the habitual offender hearing. He stated the Louisiana Department of Probation and Parole was the official record keeper for the Louisiana Department of Corrections. Rohner reviewed the file containing the records for the defendant's first predicate offenses and stated the full-term closure date for the offenses was September 1, 2010. Rohner further

stated that there was a March 22, 2011 court ordered release for predicate number two. In regard to predicate number three, Rohner stated the full-term closure date was September 1, 2010. Rohner indicated the sentencing date for the instant offense was November 25, 2014, i.e., four years after the full-term closure date for predicate number three, and after the actual date the instant offense was documented to have taken place.

Furthermore, the trial court filed its written reasons for adjudicating the defendant a multiple offender. The court noted that on predicate number one, the defendant was convicted on March 29, 1999, and had a full-term closure date from correctional supervision of September 1, 2010. The court noted that on predicate number two, the defendant was convicted on May 12, 2003, and had a correctional supervision closure date of March 22, 2011. On predicate number three, the court noted that the defendant was convicted on November 4, 2004, and had a correctional supervision closure date of September 1, 2010. The court further noted that the defendant committed the instant offense on April 30, 2012. The court found "[p]ursuant to Louisiana La. R.S. 15:529.1(C), not more than five years elapsed from the date of the commission of the current offense and the expiration of the correctional supervision for convictions in docket numbers 79726, 83332, 87213, 85028 and 87690."

*Pro se* assignment of error number two also lacks merit.

### *Pro se* Assignment of Error No. Three

In *pro se* assignment of error number three, the defendant argues the trial court erred in allowing the use of predicate number two to enhance the sentence because this plea was not knowing or voluntary because the court failed to advise him that there would be "no multi-bill" or of his right to post-conviction relief.

In Boykin v. Alabama, 395 U.S. 238, 89 S. Ct. 1709, 23 L. Ed. 2d 274 (1969), the United States Supreme Court reversed five robbery convictions where the court

accepting the defendant's plea failed to ascertain that the defendant voluntarily and intelligently waived his right against compulsory self-incrimination, right to trial by jury, and right to confront his accusers. Boykin only requires a defendant be informed of these three rights. "Its scope has not been expanded to include advising the defendant of any other rights which he may have, nor of the possible consequences of his actions." State v. Smith, 97-2849 (La. App. 1st Cir. 11/6/98), 722 So. 2d 1048-1049.

*Pro se* assignment of error number three likewise lacks merit.

### *Pro se* Assignment or Error No. Four

In his final *pro se* assignment of error, the defendant contends that his counsel at the time of his guilty plea to the third predicate offense was ineffective for failing to inform him of the collateral consequences of that plea, and that this offense could no longer be used as a predicate offense because the cleansing period had passed. Whether or not counsel informed the defendant of the collateral consequences of the plea would not affect use of the plea as a predicate under the Habitual Offender Law. See Smith, 722 So. 2d at 1048-1049. Further, for the reasons set forth hereinabove in our discussion of *pro se* assignment of error number two, use of predicate number three was not prohibited by LSA-R.S. 15:529.1(C)(1).

*Pro se* assignment of error number four also lacks merit.

### HABITUAL OFFENDER ADJUDICATION AND SENTENCE AFFIRMED.